GAIDRY, J.
|20n October 25, 2010, the Ascension Parish Sales and Use Tax Authority (“the Authority”) filed a “Petition for Rule to Show Cause in Summary Sales and Use Tax Proceeding” against Louisiana Machinery Rentals, L.L.C. (“LMR”). The petition states that it is a summary proceeding brought under the provisions of La. R.S. 47:337.33,[1] La. R.S. 1,47:337.61,[2] and comparable sections of the sales and use *407 tax ordinances of Ascension Parish. The Authority alleged that LMR was a Louisiana limited liability company, domiciled in St. John the Baptist Parish, who conducted business activities in Ascension Parish but failed to register with the Authority as a dealer for Ascension Parish sales and use tax purposes and who operated as a division forming a part of Louisiana’s sole statewide Caterpillar franchise dealer, selling at retail, leasing, and repairing various new and used Caterpillar equipment and parts in Ascension Parish. In the course of LMR’s Caterpillar sales, the Authority alleged that LMR made taxable sales of, repairs to, or leases of various articles of tangible personal property, such as articulated trucks, backhoe loaders, concrete equipment, compactors, engines/power systems, excavators, forest products, generators, |4mining equipment, motor graders, off-highway trucks, paving products, scrapers, skid steer loaders/multi terrain compact loaders, telehandlers, crawlers, dozers, wheel dozers, wheel loaders, and work tools. The Authority further alleged that it is the single sales and use tax collector for all local taxing authorities located in Ascension Parish and is authorized by statute and ordinance to audit LMR’s “books, records, papers, vouchers, accounts, and documents for Ascension Parish sales and use tax compliance with regard to any and all taxable sales, uses, storage, distribution, repairs and/or leases of tangible personal property occurring within Ascension Parish.” Pursuant to these statutes and ordinances, the Authority contracted with a private auditing firm, Broussard Partners & Associates (“BPA”), to conduct a sales and use tax compliance audit of LMR. The audit was held open several times by “prescription waiver” agreements between LMR and the Authority, in order to suspend the running of prescription as to any taxes that may be found to be due. BPA’s audit revealed that LMR had incorrectly failed to charge and collect sales taxes from its customers in Ascension Parish. on its taxable sales, repairs, or leases. Citing La. R.S. 47:337.17(E), the Authority claimed LMR was liable to it for the taxes it had failed to charge, collect, and remit, along with penalties and interest.
The original audit showed a sales and use tax deficiency of $40,305.90. On November 20, 2009, the Authority issued to LMR a “30-Day Notice of Intent to Assess Additional Tax Due-LA R.S. 47:337.48 B” for this deficiency, along with a penalty of $10,076.63 and interest of $27,169.26, for a total due of $77,551.79. This notice stated that LMR had thirty days from the date of the notice to either: (1) pay the amount assessed; or (2) file a written protest citing the objection to the assessment and request a hearing with the Authority. The notice further warned that a failure to | .^respond to the notice within the time or manner provided would result in the issuance of a formal assessment with additional penalties and interest. The Authority alleged that LMR failed to respond to this November 20, 2009 notice within the allotted time in any of the manners prescribed by law. Consequently, on December 31, 2009, the Authority issued to LMR, via certified mail, a formal “Notice of Assessment 60-Day Assessment — LA R.S. 47:337.51” in the total amount of $78,559.43.[3] The December 31, 2009 notice *408 stated that if LMR wished to protest, it had thirty calendar days to file a written protest under oath and request a hearing. The notice went on to state that if LMR did not timely file a written protest and request a hearing, it had sixty calendar days to either: (1) pay the amount assessed; (2) pay the amount assessed “under protest” and file suit for recovery within thirty days of the payment; or (3) file suit in any state court of competent jurisdiction contesting the assessment within thirty days of receipt of the notice and post a bond or other security. The notice also stated: “DO NOT DISREGARD THIS NOTICE, FAILURE TO ACT WITHIN THE TIME OR MANNER PROVIDED WILL RESULT IN THE ASSESSMENT BECOMING FINAL AND ENFORCEABLE BY WARRANT FOR DISTRAINT. ADDITIONAL PENALTIES, INTEREST AND COLLECTION FEES MAY BE ASSESSED AT THAT TIME.” Rather than taking any of the steps provided in the December 31, 2009 notice, LMR submitted additional documents, records, and papers to the private auditor, BPA. After considering those additional documents, the Authority increased LMR’s tax deficiency and issued, via certified mail, a “ * * *Revised* * *NOTICE OF ASSESSMENT 60-Day Assessment — LA R.S. 47:337.51.” The revised notice, dated April 30, 2010, adjusted the total assessment amount to |fi$184,457.37 and contained the same notices and warnings regarding payment, protest, time delays, and consequences of the failure to act as the December 31, 2009 notice. The Authority alleged that LMR did not respond to the April 30, 2010 notice within the time allotted in any manner whatsoever. Accordingly, the Authority filed its petition, alleging that the Revised Assessment, including additional accrued interest, had become final and was the equivalent of a judgment against LMR pursuant to La. R.S. 47:337.68. With additional accrued interest, the total tax, penalty, and interest assessment through October 31, 2010 was $190,783.98, which, with interest continuing to accrue until paid, the Authority sought to make executory by a declaratory judgment of the district court.
The Authority further sought an injunction against LMR, pursuant to La. R.S. 47:337.33, enjoining LMR from the further pursuit of business in Ascension Parish until payment in full of all amounts due. It also sought recognition of its lien and privilege on all property owned by LMR, pursuant to La. R.S. 47:337.65, to secure payment of the amounts due. Because the Authority had employed counsel to assist in the collection of the taxes, penalties, and interest assessed against LMR, it sought attorney fees in the amount of ten percent of the aggregate amount due, or such lesser or greater amount found reasonable and fixed by the court, plus interest on that amount from the date of judgment until paid. It also sought payment of audit fees incurred with BPA in the amount of $17,125.39, pursuant to La. R.S. 47:337.75 and 47:337.26. The Authority attached to its petition the affidavit of Kressynda “Kressy” Krennerich, Assistant Administrator for the Authority, which states that the facts as alleged in the petition were true and correct to the best of her knowledge and belief, thereby establishing a print a_]/acie case in favor of the Authority and shifting the burden of proof to LMR to establish anything to the contrary, in accordance with La. R.S. 47:337.61.
On November 17, 2010, LMR filed an answer, exceptions, and affirmative defenses to the Authority’s petition. In its answer, LMR contested the audit and assess *409 ment and denied any sales or use taxes, penalties, or interest were due. It raised the declinatory exception of insufficiency of citation and service of process; dilatory exceptions of unauthorized use of summary proceeding and vagueness or ambiguity of the petition; and the peremptory exception of prescription. The affirmative defenses raised by LMR included various ways in which the assessments were erroneous; extinguishment of the obligation by payment or, in the alternative, offset; denial of due process and equal protection of the laws in violation of the United States and Louisiana Constitutions; non-taxability of the transactions included in the assessment; lack of finality of the assessment; and, to the extent any additional tax might be owed, a request for waiver of all penalties and interest. On December 8, 2010, LMR filed a supplemental and amended answer, exceptions, and affirmative defenses, asserting that, to the extent the Authority might contend that the tax statutes divested the district court of subject matter jurisdiction, precluded LMR from raising any defenses or presenting evidence relevant to the correctness of the audit and assessment, or gave the Department unfettered discretion to determine the validity and correctness of the audit with no right of judicial review, then those statutes, as interpreted by the Authority, were unconstitutional.
The Authority opposed LMR’s exceptions and affirmative defenses and filed exceptions raising the objections of per-emption and lack of jurisdiction over the subject matter, pursuant to La. R.S. 47:387.51(C). It |8then moved to strike LMR’s supplemental and amending answer and affirmative defenses on the grounds that they were not filed timely, and that these defenses to the taxing authority had been rejected by both the Louisiana and United States Supreme Courts. The Authority also filed a motion for partial summary judgment, alleging that there were no genuine issues of material fact and that the Authority was entitled to judgment in its favor and against LMR as a matter of law for the amounts due for the sales and use tax deficiency, interest, and penalties, as set out in the Revised Assessment and its petition. After a hearing, the court granted the Authority’s peremptory exception of lack of subject matter jurisdiction; dismissed LMR’s exceptions, affirmative defenses, and denials with prejudice; declared that the Authority’s peremptory exception of peremption and its motion to quash were moot, considering the other rulings of the court; denied the Authority’s motion to strike; and granted the Authority’s motion for partial summary judgment,[4] rendering judgment in favor of the Authority and against LMR declaring that the Revised Assessment is final and an executory judgment of the court, reserving to the Authority its claim for reasonable attorney fees and audit costs to be determined in a subsequent summary proceeding. This appeal by LMR followed. The Authority answered the appeal, urging that the court improperly denied its motion to strike.[5]
DISCUSSION
On appeal, LMR alleges that the court erred in finding that it was not entitled to *410 raise exceptions and defenses to the final assessment, in failing to 19deny the Authority’s peremptory exception of peremption, and in granting the Authority’s motion for partial summary judgment.
As explained by this court in West Baton Rouge Parish Revenue Department v. Louisiana Machinery Rentals, L.L.C. c/w West Baton Rouge Parish Revenue Department v. Louisiana Machinery Company, L.L.C, 11-0711 (La.App. 1 Cir. 3/9/12); 91 So.3d 1032, because the Authority complied with the assessment and distraint provisions governing notice to LMR, and LMR chose not to use any of the defensive mechanisms available to it throughout the assessment and distraint procedure, once the final sixty-day period went by with no protest or payment from LMR, the Revised Assessment was final and was the equivalent of a final and enforceable judgment. LMR was thereafter precluded from raising defenses, whether by exception or on the merits, in a summary rule to collect the sales tax. Id., citing Jefferson Davis Parish School Bd. Ex rel. Sales/Use Tax Dept. v. Louisiana Machinery Rentals, LLC, 11-510 (La.App. 3 Cir. 10/5/11), 74 So.3d 1272, writ denied, 11-2437 (La.1/13/12), 77 So.3d 972. We therefore find no errors in the ruling of the trial court.
CONCLUSION
The judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Louisiana Machinery Rentals, L.L.C. This case is remanded to the district court for the determination of the appropriate amounts of audit fees and attorney fees, if any.
AFFIRMED AND REMANDED.

. La. R.S. 47:337.33. Failure to pay tax; rule to cease business
A. (1) On motion in a court of competent jurisdiction, the collector may take a rule on a taxpayer, to show cause in not less than two or more than ten days, exclusive of holidays, why the taxpayer should not be ordered to cease from further pursuit of his business for failure to pay to the taxing authority amounts collected from others by his business as sales and use tax, along with any interest, penalty, and costs related to such tax. Such rule may be taken only for amounts due as a result of assessments or judgments which have become final and nonappealable.
(2) This rule may be tried out of term and in chambers, and shall always be tried by preference.
(3)(a) If the rule is made absolute, the order rendered thereon shall be considered a judgment in favor of the taxing authority, and the court shall enjoin and prohibit the taxpayer from the further pursuit of his business until such time as he has paid the delinquent tax, interest, penalties, and all costs or has entered into an agreement with the collector to do so.
(b) If the collector files a subsequent motion with the court alleging a violation of the injunction, the court shall hold a hearing in not less than two days or more than ten days, exclusive of holidays, to determine whether such violation has occurred. Upon a showing by the collector that there has been a violation of the injunction, the court shall consider the violation to be a contempt of the court and shall punish the violator in accordance with law, and every violation of the injunction shall be considered as a contempt of court.
(4)Whenever the pleadings filed on behalf of the collector shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in the pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish any *406 thing to the contrary shall rest wholly on the taxpayer.
(5) The collection procedure provided for in this Subsection shall be in addition to any other collection procedure provided by law.
B. Failure to pay any tax due as provided in the local ordinance shall, without demand or putting in default, cause the tax, interest, penalties, and costs to become immediately delinquent and the collector has the authority, on motion in a court of competent jurisdiction, to take a rule on such person, to show cause in not less than two or more than ten days, exclusive of holidays, why such person should not be ordered to cease from further pursuit of business. This rule may be tried out of term and in chambers and shall always be tried by preference. If the rule is made absolute, the order rendered thereon shall be considered a judgment in favor of the taxing authority, prohibiting the person from the further pursuit of said business until he has paid the delinquent tax, interest, penalties, and costs, and every violation of the injunction shall be considered as a contempt of court and punished according to law.
C. For the purpose of the enforcement of the local ordinance and the collection of the tax levied therein, it is presumed that all tangible personal property imported or held in the taxing jurisdiction by any dealer is to be sold at retail, used or consumed, or stored for use or consumption in the taxing jurisdiction, or leased or rented within the taxing jurisdiction, and is subject to the tax herein levied. This presumption shall be prima facie only, and subject to proof furnished to the collector.
D. The provisions of this Section shall not apply if the person has entered into an installment agreement for the payment of delinquent taxes with the collector and is in compliance with the terms of the agreement.

. La. R.S. 47:337.61. Collection by summary court proceeding authorized
In addition to any other procedure provided in this Chapter or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing authority, or by or on behalf of the collector, for taxes and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:
(1) All such proceedings, whether original or by intervention or third opposition or otherwise, brought by or on behalf of the taxing authority, or by or on behalf of the collector, for the determination or collection of any tax, interest, penalty, attorney fees, costs or other charge claimed to be due shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.
(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses, and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.
(3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court, and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and exec-utory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeal or to the supreme court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment.
(4) Whenever the pleadings filed on behalf of the taxing authority, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or *407 attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.

. This assessment is for the same tax and penalty figures as those in the earlier notice; however this assessment includes additional *408 interest which had continued to accrue on the unpaid amount.

. The judgment further provided that the partial summary judgment is designated as final and appealable pursuant to La. C.C.P. art. 1915(B)(1), upon an express finding by the court that "this final disposition of this summary action to collect tax is important to the public fisc of the Parish of Ascension.”

. Due to our holding in LMR’s appeal, the issue raised in the Authority’s answer to appeal is moot.