LOLLEY, J.
11 Louisiana Machinery Company, LLC (“LMC”), and Louisiana Machinery Rentals, LLC (“LMR”), appeal the summary judgments rendered by the Thirty-Seventh Judicial District Court, for the Parish of Caldwell, State of Louisiana in favor of the Caldwell Parish School Board, the Caldwell Parish Police Jury, the Caldwell Parish Hospital District # 1, and the Town of Columbia, acting through the Concordia Parish School Board. These summary judgments made final and executory certain notices of assessment of unpaid sales tax to LMC and LMR. Because we find that genuine issues of material fact exist regarding the validity of the notices received by LMC and LMR from the Collector, we reverse the trial court’s judgments. Furthermore, as discussed herein, we sustain the exceptions of prescription filed by LMC and LMR. The matter is remanded to the trial court for further consideration.
Facts
This sales tax collection proceeding has been brought by the Caldwell Parish School Board, the Caldwell Parish Police Jury, the Caldwell Parish Hospital District # 1, and the Town of Columbia (collectively, “Plaintiffs”), all political subdivisions of the State of Louisiana, acting through the Concordia Parish School Board (the “Collector”), which, pursuant to the Louisiana Constitution, Article VII, § 3(B) is designated as the single collector for sales and use taxes levied by all taxing authorities within Caldwell Parish. According to the affidavit of Keith Harrison, controller of LMC, the company is a dealer of Caterpillar brand industrial and construction equipment for the State of Louisiana. In that capacity, LMC has been engaged in the sale, lease and service of that equipment throughout the |2state. LMR is a “related company” of LMC, and LMR was formed with “the intent to engage in the rental of industrial and construction equipment.”
The tax periods in question are from December 2000 through June BO, 2007. As alleged by the Plaintiffs, the Collector contracted with the private auditing firm, Broussard Partners & Associates (“Brous-sard”), to conduct an audit to determine sales and use tax compliance by LMC and LMR (collectively, the “Defendants” or the “companies”). According to the Plaintiffs, the companies were initially notified of the audit by letter dated May 17, 2007. In a second letter dated August 15, 2007, Broussard informed the Defendants of the records necessary to complete the tax compliance audit; the companies were given until October 15, 2007, to produce the documents. According to the Plaintiffs, the requested documents were not timely produced despite repeated requests by Broussard. Plaintiffs claim that ultimately Broussard determined that the Defendants were not in compliance and each owed a significant amount in tax, penalties, and interest.
As a result of Broussard’s determination of noncompliance by the companies, on November 24, 2009, the Collector issued A Notice of Intent to Assess to LMC and LMR, separately, in accordance with La. R.S. 47:337.48 B. According to the notices, for the tax periods from December 2000 through June 2007, the Defendants owed:
*146 [[Image here]]
The notices of intent to assess instructed the Defendants that they had 30 days from the date of the notice to (1) pay the amount shown, or (2) file a written protest citing their objection and requesting a hearing.
On December 24, 2009, a Notice of Assessment was sent to LMC and LMR, separately. A date due of February 22, 2010, was stated on the notice. Those notices stated the same amount of tax due as the notices of intent to assess, and contained the additional following information:
NOTICE: As provided in La. R.S. 47:337.51 B, if you wish to protest, you have thirty (30) days from the date hereof to file with this office a written protest, signed by you or your duly authorized agent, which shall be under oath, fully disclosing the reasons therefor, and request a hearing.
If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:
1) Pay the amount set forth herein above,
2) Pay the total amount set forth herein above under protest as provided in La. R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or
3)Within thirty (30) days of receipt of the Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in La. R.S. 47:337.64 in accordance with the procedures set forth therein.
Do not disregard this notice, failure to act within the time or manner provided will result in the assessment becoming final and enforceable by warrant for distraint. Additional penalties, interest and collection fees may be assessed at that time. (Emphasis original).
14 On February 22; 2010, the companies were each mailed a Notice of Assessment-Extension, which stated a date due of March 22, 2010. The total amount due was unchanged, and the same information regarding the companies’ remedies was provided as in the February 22 notices. According to the Plaintiffs, the Defendants did not respond as statutorily required, but did submit additional paperwork to Broussard in connection with the audit.
Finally, on April 26, 2010, each company received a Notice of Assessment-Extension, giving a due date of June 28, 2010. Although most of the information on the April 26 notice remained the same, notably the amounts due had been amended as follows:
[[Image here]]
*147 Most importantly, the precise wording regarding the Defendants’ legal remedies was the same on these final notices. According to the Plaintiffs, neither entity responded to its April 26 notice, and Plaintiffs take the position that the respective notices became final on June 25, 2010, 60 days after being issued to each entity.
On September 24, 2010, the Plaintiffs brought separate lawsuits against the companies stating that neither had paid its sales and use taxes for the period from December 1, 2000 through June 30, 2007, and stated that LMC and LMR owed sales and use taxes, plus penalties, interest, and attorney fees for those tax periods. In response, the Defendants filed various exceptions, including peremptory exceptions of prescription, and the Plaintiffs filed motions for partial summary judgment against both LMC and |SLMR. Ultimately, the companies withdrew all of their exceptions, except those asserting prescription. Judgment was rendered in favor of the Plaintiffs, finding that the April 26, 2010, notices sent to the companies were final. The Judgment entered against LMC was in the total amount of $105,198.02, in tax, penalties and interest, plus additional interest accruing from January 28, 2012, until paid, along with reasonable attorney fees and audit costs. As to LMR, judgment was entered in the amount of $198,355.28, plus additional interest accruing from January 28, 2012, until paid, along with reasonable attorney fees and audit costs. Both judgments were designated as final judgments and certified for appeal.
The companies filed timely suspensive appeals of the judgments.[1] We consolidated the two matters for purposes of appeal, and the Defendants filed a motion for special and preferential assignment, which was granted.
Discussion
On appeal, the Defendants raise the following assignments of error:
1) The trial court erred in failing to find that the notices of assessment did not comply with the strict requirements of La. R.S. 47:337.51(A), and thus, were invalid and void;
2) The trial court erred in failing to consider whether the Collector’s claims had prescribed before the notices of assessment were issued; and
3) The trial court erred in granting the Collector’s motions for partial summary judgment filed in a summary proceeding.
| (¡Initially, Plaintiffs argue that similar litigation involving LMC and LMR has been decided against the companies and in favor of the various collectors, and those opinions should be persuasive in this matter before this court.[2] However, as fur *148 ther discussed herein, the decisions of those courts are not necessarily binding, nor do we find them particularly persuasive considering the precise issues we are called to determine at this time before this court.

Statutory Law

This matter is brought pursuant to the Uniform Local Sales Tax Code (the “ULSTC”), La. R.S. 47:337.1, et seq., which was enacted to promote uniformity in the assessment, collection, administration, and enforcement of the sales and use taxes imposed by taxing authorities and, by compiling them, making them readily available in one place in the revised statutes. La. R.S. 47:337.2(A)(l)(b). We defer to the thorough explanation of the ULSTC by the First Circuit in West Baton Rouge Parish Revenue Department, supra at pp. 3-5.

^Validity of the Notices

In their first assignment of error, the Defendants argue that the trial court erred in determining that the April 26, 2010, notices of assessment were final, because those notices did not comply strictly with the statutory requirements imposed by La. R.S. 47:337.51. The issue as to whether those notices were in strict compliance with the statute calls into question a material fact, arguably making summary judgment erroneous in this case. We agree.
As stated herein, the various notices of assessment sent to LMC and LMR all contained the precise instructions:
NOTICE (emphasis original): As provided in La. R.S. 47:337.51 B, if you wish to protest, you have thirty (30) days from the date hereof to file with this office a written protest, signed by you or your duly authorized agent, which shall be under oath, fully disclosing the reasons therefor, and request a hearing.
If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:
1) Pay the amount set forth herein above.
2) Pay the total amount set forth herein above under protest as provided in La. R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or
3) Within thirty (30) days of receipt of the Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in La. R.S. 47:337.64 in accordance with the procedures set forth therein.
Do not disregard this notice, failure to act within the time or manner provided will result in the assessment becoming final and enforceable by warrant for distraint. Additional penalties, interest and collection fees may be assessed at that time. (Emphasis original).
LAt the time the notices were sent, La. R.S. 47:337.51 stated, in pertinent part, as follows:
A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal *149 Service certified software. If no report has been timely filed, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal service certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay. the amount of the assessment; (b) request a heariny with the collector or; (c) pay under protest in accordance with R.S. 47:337.63. (Emphasis added).
B. If any dealer shall be aggrieved by any findings or assessment of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing. Thereafter, the collector shall grant a hearing to said dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the taxing authority to collect the tax in any manner herein provided. Appeals from the decision of the collector shall be directed to any state, city or federal court of competent jurisdiction. This Section shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of the local ordinance and this Chapter as to the legality of any tax accrued or accruing or the method of enforcement thereof.
In 2010, pursuant to La. R.S. 47:337.51(A) a notice of assessment to a taxpayer was required to inform it that it had 60 calendar days from the date 1nof the notice to do three things: (1) pay the amount of the assessment; (2) request a heariny with the collector; or, (3) pay the amount under protest in accordance with La. R.S. 47:337.63. The notices in question informed LMC and LMR that they had sixty calendar days from the date of the notice to do three things, but not the three things required by the statute. Clearly, the notices did not adhere to the strict requirements mandated by the statute. We consider the omission in this instance to be a material defect in the notice, to the point of rendering the notices null. The omission here was not immaterial, but obviously substantive. Moreover, the defect in question served to undermine the very purpose of the statutory notice requirement — that is, to inform a taxpayer what its legal remedies were once assessed for payment of taxes. These particular taxpayers never received complete and adequate notice of their remedies under the law.
As to the Plaintiffs’ reliance on the opinions of the First and Third Circuits and their position that those opinions address this very issue and are persuasive in their favor, we disagree. Those circuits did discuss the notice provisions required by La. R.S. 47:337.51.[3] However, in each opinion, the courts observed that the notice provi *150 sions had explicitly been adhered to. In fact, the First Circuit noted in West Baton Rouge Parish Revenue Dept., supra at p. 6 that: “This notice informed LMC of the assessment and that it had 60 calendar days from the date of the notice to: (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with LSA-R.S. 47:337.63.” (Emphasis added). Although the 110precise wording of the notices sent to LMC in that case is not contained in the First Circuit opinion, that court clearly had before it a notice that complied strictly with the statute and contained the requisite information. We feel certain that had the statutory notice requirements not been met, the outcome may have been different in the other circuits.
Regarding the Collector’s argument that the companies were only entitled to receive notice as a “dealer” (i.e., notice under subsection B of the statute), we observe that the notices clearly attempted to provide the Defendants with notice pursuant with both subsections A (notice to a “taxpayer”) and B (notice to a “dealer”).[4] As the notices pertain to the Defendants as “dealers” pursuant to subsection B, the notices were in compliance with the statute. Although the first paragraph of the notices informed the Defendants they had some right to request a hearing, that portion of the notice was in accordance with subsection B of the statute, and informed them, as a “dealer,” they each had 30 days to request a hearing. However, the notices also attempted to inform the company as a “taxpayer;” and as to that portion, the notices failed to comply with the strict mandate of subsection A of the statute regarding the request for a hearing.
Because the April 26, 2010, notices to LMC and LMR were clearly deficient in their required statutory content, the trial court erred in its factual finding that the notices were final. Clearly, the deficiency in the notices called into question a material fact in this matter — that being whether LMC and LMR received adequate notice of their legal remedies to respond to the | n Collector’s assessments. They did not. Advising the taxpayer it has 60 days to request a hearing is not immaterial. Failure to so inform the companies and strictly comply with the statute rendered the notices null, precluding summary judgment regarding the finality of the notices of assessment against the Defendants.

Prescription

The Defendants also contend that the trial court erred in failing to consider that some of the Collector’s claims had prescribed before the notices to assess were ever issued. Considering that the trial court erred in determining the notices of assessment to be final, it should have otherwise considered the exceptions of prescription filed by LMC and LMR, wherein the companies argued that any claim for unpaid sales and use tax and related amounts for the taxable periods 2000-2002 and 2001-2004, respectively, had prescribed. We agree.
Article VII, § 16 of the Louisiana Constitution provides that all taxes other than real property taxes prescribe in three years after December 31 in the year in which they are due; however, prescription can be suspended or interrupted as otherwise provided by law. This constitutional provision is also addressed in La. R.S. *151 47:S37.67(A), which provides that “sales and use taxes levied by any political subdivision shall prescribe as of three years from the thirty-first day of December of the year in which such taxes became due.” The prescriptive period can be interrupted in various ways, those being: (1) the action of the collector in assessing the amounts of such taxes in the manner provided by law; (2) the filing of a summary proceeding in court; (3) the filing of any pleading, either by the collector or the taxpayer, |12with any state or federal court; (4) the filing of a false or fraudulent return; or (5) the failure to file a return, with the intent to defraud. La. R.S. 47:337.67(B). Finally, subsection C of the statute allows that prescription can be suspended “by means of a written agreement between the taxpayer and the collector made prior to the lapse of such period.”
Here, the issuance of the first Notice of Assessment on December 24, 2009, to LMC and LMR served to interrupt prescription of those claims that had not otherwise prescribed. Prior to that, the Collector had attempted to suspend prescription under La. R.S. 47:337.67(0(1) by having the companies execute various agreements to suspend prescription. However, these agreements to suspend prescription are problematic, because some were agreed to by the parties after some of the tax periods had already prescribed. Once a claim has prescribed, it cannot be revived. Etienne v. National Auto. Ins. Co., 1999-2610 (La.04/25/00), 759 So.2d 51.

Prescription Claim of LMC

As to LMC, some of the various agreements to suspend prescription did have the intended effect, as did the December 24, 2009, Notice of Assessment. For the tax periods 2003, 2004, 2005, 2006, and 2007, the Collector’s claims were not prescribed pursuant to the agreement of the parties. However, for the periods 2000, 2001, and 2002, we note the following:
1) For the tax period 2000: There was never an agreement to suspend prescription; thus, any claim for 2000 sales tax prescribed on December 31, 2003;
2) For the tax period 2001: By the first agreement to suspend | ^prescription, the prescriptive period for the 2001 period was extended to 12/31/2005; however, no other agreement to suspend this period was signed by LMC prior to 12/31/2005 (a second agreement to suspend prescription was never signed by LMC). Thus, any claim for 2001 sales tax prescribed on December 31, 2005; and
3) For the tax period 2002: The statutory prescriptive date for this period was 12/31/05; however, the third agreement to suspend prescription was not executed until 12/07/06, after the claim had prescribed. Thus, any claim for 2002 sales tax prescribed on December 31, 2005.
Thus, regarding the periods 2003, 2004, 2005, 2006, and 2007 as to LMC, the third, fourth, and fifth agreements to suspend prescription as well as the Notice of Assessment dated December 24, 2009, served to validly suspend or interrupt prescription. The Collector’s claims for those periods have not prescribed and remain valid. However, for the tax periods 2000, 2001, and 2002, the Plaintiffs’ claims against LMC have prescribed on their face. The evidence produced by the Plaintiffs, i.e., the agreements to suspend prescription, did not serve to suspend prescription of the tax periods noted, and we sustain LMC’s exception as to those tax periods.

Prescription Claim of LMR

As to LMR, initially we note that there were four agreements which purported to *152 suspend prescription which attempted to suspend prescription. For the tax periods 2007 and 2006, prescription was interrupted by the December 24, 2009, Notice to Assess pursuant to La. R.S. 47:337.67(B)(1). |14Regarding the tax period for 2005, the Collector’s claims did not prescribe due to the fourth agreement to suspend prescription, which extended the prescription deadline from December 31, 2008, until December 31, 2009 — then the Notice to Assess was filed, again interrupting prescription for this period. However, for the periods 2000, 2001, 2002, 2003, and 2004 we note the following:
1) For the tax period 2000: There was never an agreement to suspend prescription; thus, any claim for 2000 sales tax simply prescribed on December 31, 2003, pursuant to La. R.S. 47:337.67(A);
2) For the tax period 2001: This claim would have prescribed on 12/31/04, but LMR entered into the agreement to suspend prescription until 12/31/05. That date came and went, and the second agreement was not entered into until 1/6/06, after the claim for 2001 taxes had prescribed. Thus, any claim for 2001 sales tax prescribed on December 31, 2005;
3) For the tax period 2002: A claim for this tax period prescribed on 12/31/05, and the second agreement to suspend prescription was not executed until 01/06/06, after the claim had prescribed. Thus, any claim for 2002 sales tax prescribed on December 31, 2005;
4) For the tax period 2003: A claim for this tax period would have prescribed on 12/31/06, but LMR entered into the third agreement to suspend prescription until 12/31/07. Again, this date came and went, and the fourth agreement was not entered [ 1Binto until 10/15/08, after the claim for 2003 taxes had prescribed. Thus, any claim for 2003 sales tax prescribed on December 31, 2007; and
5)For the tax period 2004: A claim for this tax period would have prescribed on 12/31/07, the same date until which the third agreement suspended prescription. Again, this date came and went, and the fourth agreement to suspend prescription was executed after the prescriptive date, on 10/15/08; thus, any claim for 2004 sales tax prescribed on December 31, 2007.
Therefore, regarding the periods 2005, 2006, and 2007 as to LMR, the noted agreements to suspend prescription as well as the Notice of Assessment dated December 24, 2009, validly suspended or interrupted prescription, and the Collector’s claims for those periods remain viable. However, for the tax periods 2000, 2001, 2002, 2003, and 2004, we agree those claims have prescribed on their face, and the record contains no proof otherwise. Thus, we also sustain LMR’s exception as to those tax periods.
Finally, regarding the Defendants’ third assignment of error on the procedural errors of the summary judgment proceeding, this assignment is moot and any discussion is pretermitted.
Conclusion
So considering, because the respective notices of assessment sent to LMC and LMR were statutorily and substantially deficient, they were not final. Thus, the partial summary judgments in favor of the Plaintiffs against Louisiana Machinery Company, LLC and Louisiana Machinery Rentals, LLC were in error and are reversed. Additionally, as to the exceptions of 11f,prescription filed by the companies, they are sustained. We conclude that, as to LMC, the Collector’s claims for tax *153 periods 2000, 2001, and 2002 have prescribed. As to LMR, the Collector’s claims for tax periods 2000, 2001, 2002, 2003, and 2004 have prescribed. Costs of this appeal in this matter in the amount of $244.00 are assessed to the Plaintiffs, pursuant to La. R.S. 13:5112. This matter is remanded to the trial court for further proceedings.
JUDGMENTS REVERSED; EXCEPTIONS OF PRESCRIPTION SUSTAINED; REMANDED FOR FURTHER PROCEEDINGS.

. The Plaintiffs’ argument that the companies’ appeals were untimely is without merit. The Plaintiffs did not file a motion to dismiss the appeal; however, their argument was contained in brief. Our review indicates that the appeals clearly were timely.

. Proceedings against LMC and LMR have taken place across the state. Recently, the Supreme Court denied the writ application regarding an opinion from the Third Circuit. See Jefferson Davis Parish School Board ex rel. Sales/Use Dept. v. La. Machinery Rentals, LLC, 2011-510 (La.App. 3rd Cir.10/05/11), 74 So.3d 1272, writ denied, 2011-2437 (La.01/13/12), 77 So.3d 972. The First Circuit has considered the matter as well in three separate opinions. See Ascension Parish Sales and Use Tax Authority v. Louisiana Machinery Rentals, Inc., 2011-1784 (La.App. 1st Cir.03/30/12), 92 So.3d 404; Ascension Parish Sales and Use Tax Authority v. Louisiana Machinery Co., L.L.C., 2011-1785 (La.App. 1st Cir.03/30/12), 92 So.3d 410; West Baton Rouge Parish Revenue Dept. v. Louisiana Machinery Rentals, L.L.C., 2011-0711, 2011- *148 0712 (La.App. 1st Cir.03/09/12), 91 So.3d 1032.

. The Third Circuit's opinion, Jefferson Davis Parish School Board, supra, refers to the current version of La. R.S. 47:337.51, not the version of the statute in effect at the time the notices were sent out.

. We also observe that despite the Plaintiff's argument presented to this Court during oral arguments, the companies were “dealers” and not “taxpayers,” they assert in brief that the companies are "Clearly ... in the larger class of persons defined as ‘taxpayers’.” We agree with that assertion.