CARAWAY, J.
| Jn these consolidated cases, Louisiana Machinery Company, LLC, and Louisiana Machinery Rentals, LLC, appeal the partial summary judgments rendered in favor of the Tensas Parish School Board, Tensas Parish Police Jury, Tensas Parish Law Enforcement District, the Town of Newell-ton and the Town of St. Joseph, acting though the Concordia Parish School Board, the authorized tax collector for the plaintiffs. The partial summary judgments made final and executory sales and use tax assessments made against LMC and LMR. For the reasons that follow, we reverse the partial summary judgments and remand for further proceedings.

Facts

The facts of this case involve the same tax collector, taxpayers and notices as addressed in Caldwell Parish School Bd. v. Louisiana Machinery, Co., LLC, 47,349, 47,350 (La.App.2d Cir.5/16/12), 94 So.3d 144 (hereinafter “Louisiana Machinery I”). Concordia Parish School Board (hereinafter the “Collector”) is now acting on behalf of Tensas Parish School Board, Tensas Parish Police Jury, Tensas Parish Law Enforcement District, the Town of Newellton and the Town of St. Joseph (“Plaintiffs”) for the assessment of these disputed sales and use taxes. The dates of the three assessment notices and the language employed in those notices are exactly the same as those considered in Louisiana Machinery I. The Collector likewise instituted summary proceedings on September 24, 2010, against defendants, Louisiana Machinery Company, LLC (hereinafter “LMC”) and Louisiana Machinery Rentals, LLC (hereinafter “LMR”), seeking unpaid ^general sales and use taxes for the period of December 1, 2000 through June 30, 2007, in addition to statutory penalties, interest and attorney fees.
Pursuant to La. R.S. 47:337.26, audits revealed that defendants failed to charge and collect sales taxes on taxable sales, repairs and leases, and the Collector sent each defendant a Notice of Assessment on December 24, 2009, pursuant to La. R.S. 47:337.51.[1] As in Louisiana Machinery I, *1041 the notices read as follows:
NOTICE: As provided in La. R.S. 47:337.51 B, if you wish to protest, you have thirty (30) days from the date hereof to file with this office a written protest, signed by you or your duly authorized agent, which shall be under oath, fully disclosing the reasons therefor, and request a hearing.
If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:
1) Pay the amount set forth herein above,
2) Pay the total amount set forth herein above under protest as provided in La. R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or
3) Within thirty (30) days of receipt of the Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in La. R.S. 47:337.64 in accordance with the procedures set forth therein.
Do not disregard this notice, failure to act within the time or manner provided will result in the assessment becoming final and enforceable by warrant for distraint. Additional penalties, interest and collection fees may be assessed at that time. (Emphasis in original).
| aAfter defendants submitted additional documentation to the auditor, First and Second Revised Assessments followed on February 22, 2010 and April 26, 2010. Each of the revised assessments contained the same notice quoted above.
When no responses from the defendants followed the April 26, 2010 notices, the Collector instituted the present summary proceedings contending that the Second Revised Assessment “became final on June 25, 2010” and “established liability” of the defendants that is “equivalent of a judgment.” The Collector filed original and supplemental petitions which included the affidavits of Thomas H. O’Neal, Sales Tax Director for the Collector, and Randy Temple, a tax collector. Additionally, the supplemental petition included LMC’s registration for sales and use tax (LMR never registered for sales and use tax), the agreements authorizing the Collector to collect sales and use tax, a copy of the auditor’s initiation letter, numerous suspension of prescription agreements, a November 24, 2009 letter of intent to assess, the three assessment notices, a schedule of taxes due and the auditor’s billing summary.
The defendants each answered the original petition and at that time raised in relevant part exceptions of unauthorized use of summary proceedings, vagueness,[2] and prescription. Defendants also answered the supplemental | petition, re-urging the peremptory exception of prescription in greater detail and, for the first *1042 time, raising the exception of no cause of action based upon the insufficiency of the assessment notices and their lack of finality.[3] In answer to both petitions, LMR also raised the additional exception of improper party defendant urging that it did not engage in sale or lease transactions during the audit period.
On October 17, 2011, the Collector filed a Motion for Partial Summary Judgment to “declar[e] that the ‘Notice of Assess-menb-Extension’ dated April 26, 2010, is final and is the executory judgment of this Honorable Court” reserving its claims for reasonable attorney fees, audit costs and costs of the proceedings. The Collector argued entitlement to judgment because the defendants “failed to exhaust that statutory [La. R.S. 47:387.49] administrative remedy” and waived the right “to raise errors of fact and law.” Plaintiffs contended that the affidavit of the tax collector attached to its supplemental petition established the uncontested material facts required for partial summary judgment.
The defendants opposed the exceptions and summary judgment on December 1, 2011, and urged the invalidity of the assessments due to defective notices to which they claimed no obligation to respond. Further, defendants contended La. R.S. 47:387.61 clearly provides for the filing of ^exceptions and affirmative defenses in summary proceedings and does not contemplate the use of summary judgment procedure. Defendants re-urged their claim of prescription and LMR again contended that it was a wrong party defendant because it does not engage in sales, use or lease of tangible property.
Attached to the oppositions were the affidavits of Keith Harrison, the controller of LMC. Harrison alleged that LMC is a Caterpillar dealer for the State of Louisiana and engaged in the sale, lease, rental and service of industrial and construction equipment. Harrison stated that LMR was formed in 1999 with the intent to engage in rental of industrial and construction equipment. When this never occurred, the rental business was conducted at the rental stores as “Louisiana Rents, the CAT Rental Store,” through Louisiana Service, LLC, another related company from 1999-2002. Thereafter and forward, all business at “Louisiana Rents, the CAT Rental Store” was conducted through LMC, not LMR. Harrison alleged that LMR never conducted any business. All revenue received from rents is income of LMC. LMR filed no sales tax returns with the State of Louisiana. Harrison alleged that the audit in question is “fraught with substantial errors,” including mismatched invoice data, duplicative transactions, transactions not occurring in the parish in question, nontaxable transactions, nontaxable exempt taxpayers or transactions and a failure to review the totality of records. Attached to Harrison’s affidavit were five specific transactions which defendants claimed were erroneous and an explanation on each invoice explaining why.
| f,Hearing on the partial summary judgments occurred on December 14, 2011. The Collector offered the original and supplemental petitions and attached affidavits and documentation in support of the mo *1043 tion. The Collector also argued that the defendants’ failure to respond to the assessments precluded them from raising defenses in the summary proceedings. The Collector contended that La. R.S. 47:337.61 is procedural and that La. R.S. 47:337.51 is the substantive law.
The defendants argued that the notices did not satisfy the statutory requirements of La. R.S. 47:337.51(A) which required that a taxpayer be notified that he had 60 days to request a hearing. Defendants contended that La. R.S. 47:337.51(B) was a separate section of the statute which applied to dealers and included a 30-day notice. Defendants pointed out that the notices contained both the 30- and 60-day provisions. Defendants also contended that because the notices were defective, they had no obligation to respond. Defendants admitted the affidavit of Harrison into evidence. Defendants also argued their prescription claim.
After hearing the arguments of counsel, the court granted partial summary judgments in favor of the Plaintiffs. The judgments provide “that the ‘Notice of Assessment-Extension’ dated April 26, 2010 ... is final and the executory judgment of this Honorable court” and cast the defendants in judgment for the sums of $21,177.27 and $22,050.02. This consolidated appeal by defendants ensued.[4]
| ^Discussion
The Uniform Local Sales Tax Code (“ULSTC”), La. R.S. 47:337.1, et seq., is the law which governs the local collection and enforcement of sales and use taxes. Within the ULSTC is Section 337.45[5] which allows the collector three options “to enforce the collection of any taxes due under the local ordinance” by either assessment and distraint, summary court proceedings or ordinary suit. La. R.S. 47:337.45.
The enforcement remedy of assessment and distraint under the ULSTC is set forth in Sections 337.48 through 337.60. Those provisions authorize the collector to determine and give notice of taxes allegedly due after an investigation or audit of the taxpayer is conducted. La. R.S. 47:337.48. The taxpayer is allowed to protest through an administrative process the collector’s determination of taxes before the collector assesses the tax or through the taxpayer’s court action timely pursued. La. R.S. 47:337.50. In the absence of such actions, the tax assessment then formally occurs *1044 and is evidenced by a writing, retained in the collector’s official records. Id. A notice of the assessment is sent to the taxpayer who is given notice that he |shas thirty calendar days from the date of the notice to pay the amount of the assessment, request a hearing with the collector or pay under protest. La. R.S. 47:337.51. A dealer has thirty days from receipt of the notice to file a protest with the collector in writing and may request a hearing. Id. A final assessment is final only if it is not based upon error of fact or law. Id. A taxpayer may also remit to the collector the amount due and give written notice of intention to file suit or make a written request for arbitration. La. R.S. 47:337.63.
When the taxpayer fails to pay any tax assessed or to pay under protest and undertake court action or arbitration, the assessment becomes final. The collector then is authorized under the ULSTC to enforce the collection of the final assessment by distraint and sale. La. R.S. 47:337.56. “Distraint” is defined in Section 337.57 as “the right to levy upon and seize and sell ... any property or rights to property of the taxpayer.” La. R.S. 47:337.57. The collector is obligated to make a list of the property distrained and send a copy of the list to the taxpayer. This notice states the time and place that the property is to be sold. The collector is also required to publish notice of the seizure and sale in the official journal of the parish where the property is seized and is authorized to sell at public auction for cash, so much of the property distrained by him as may be sufficient to satisfy the tax, penalties, interest and costs due. La. R.S. 47:337.58, 47:337.60.
Thus, unlike the execution upon a final judgment by writ of fieri facias directing the sheriffs seizure, collection upon a final assessment is executed by the collector by distraint. Both the final assessment and the distraint and |9sale of property occur outside of a court setting without involvement of the sheriff for the seizure and sale and without the necessity for a final money judgment of a court for the delinquent taxes.
The second procedure which the collector may utilize is a summary proceeding in a court action. The collector is authorized “for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees” to “enforce the collection of any taxes due” by summary court proceedings. La. R.S. 47:337.61. These summary proceedings receive court preference. La. R.S. 47:337.61(1). Defenses may be raised by the taxpayer, but must be presented at one time and be filed with the court prior to the time fixed for the hearing. La. R.S. 47:337.61(2). Under Section 337.61(4), an affidavit of the collector or one of his assistants or representatives, accompanying the pleadings and stating that the facts alleged in the petition are true, is permitted as evidence of the collector’s claim. Such affidavit then may establish a prima facie case without the need for presentation of evidence by the collector at the trial of the rule, and the burden shifts to the taxpayer to establish anything to the contrary. La. R.S. 47:337.61(4).
The general provisions for summary proceedings are found in La. C.C.P. art. 2591, et seq. These provisions show that summary proceedings are commenced by the filing of a contradictory motion or rule to show cause and allow for the filing of exceptions prior to the time assigned for the hearing. La. C.C.P. art. 2593. Notably, those provisions mandate that the exceptions be “disposed of’ at trial which is to be conducted in open court or |inin chambers and preclude the filing of responsive pleadings to the exceptions. Id. Within these general rules for summary *1045 proceedings, there obviously is no allowance or need for motions for summary judgment.
The Louisiana Supreme Court has recognized a distinction between the collector’s use of summary proceedings and assessment and distraint under the general state tax laws in Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563 (1959), as follows:
The Sections [La. R.S. 47:1562-1565] are applicable only when the Collector seeks enforcement of the collection of the tax by the harsh remedy of distraint and sale of the taxpayer’s property. It is solely in such instances that the law requires formal assessment and notice advising the taxpayer of his right to an appeal to the Board of Tax Appeals, and the tax is not collectible ‘by distraint and sale’ until the Collector has complied with those conditions precedent.
The procedure outlined in R.S. 47:1562-1565 for distraint and sale does not in anywise limit or curtail the right and option given to the Collector by R.S. 47:1561 to collect the taxes claimed due by ordinary or summary process, as provided by law, nor is he required to formally assess the tax when he seeks its collection by suit or rule.
In addressing a companion ease the following year, the court in Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151 (1961), reaffirmed Olvey but added as follows:
When the Collector proceeds under the first alternative procedure named in La. R.S. 47:1561, assessment is specifically required and made mandatory. However, the statute makes no mention of assessment when the collector proceeds under the second or third alternative remedies, by summary process or ordinary suit. This clearly indicates that it was not the intention of the Legislature, in spite of what appellee argues, to require a formal assessment before an income tax can be collected by either the second or the third of these methods.
Both Olvey and Frost involved arguments by the taxpayers that the Collector was required to complete a formal assessment of the income taxes lnowed before summary proceedings could be instituted to allow the taxpayer to appeal to the Board of Tax Appeals. Thus, the taxpayers each filed exceptions of prematurity and no right or cause of action which the trial court sustained. In each case, the Supreme Court overruled the granting of the exceptions on the grounds stated above.
A third case of interest is Collector of Revenue v. Pioneer Bank & Trust Co., 250 La. 446, 196 So.2d 270 (1967). In a dispute over prescription, the court was called upon to resolve the issue of the “factual and legal difference between a mere tax claim and a final assessment.” In that regard the Court observed as follows:
A tax claim may be assimilated to other monied demands for purposes of this discussion, except that it is collectible by methods other than suit. Indeed, R.S. 47:1561 vests in the Collector three alternative remedies for the collection of taxes, i.e., assessment and dis-traint, summary court proceeding or ordinary suit (see Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563, and Collector of Revenue v. Frost, 240 La. 1067, 127 So.2d 151), and, whenever one of these remedies is exerted to final conclusion and the tax assessment or judgment, as the case may be, becomes executory by distraint or otherwise, the status of the tax claim is thus transformed into an assessment or a judgment enforceable by seizure, garnishment or distraint.
*1046 From this review of the “alternative” remedies for the collection of taxes, the law is clear that a collector may institute either an ordinary or summary procedure without any prior initiation whatsoever of the assessment/distraint procedure. In such case, the taxable transactions, the kind of tax, the taxable period, and the calculation of the amount of the tax due constitute the substance of the collector’s claim which must be proven without reliance upon any acts of assessment or attempted assessment. When the summary procedure of Section 337.61 is chosen by the collector, 112“the determination and trial” of the tax claim should be conducted under the general rules for summary procedure in the Code of Civil Procedure, Articles 2591, et seq. One important exception to those rules is the allowance given to the collector to present his evidence upon “trial” through the special sworn affidavit specified in Section 337.61(4). However, the taxpayer may present his witnesses in defense of the prima facie case of the collector, and the credibility determinations of the trier-of-fact must receive deference from the appellate court. A “trial” on the rule to show cause under Section 337.61 does not produce a “summary judgment” under La. C.C.P. art. 966. After the trial by this summary proceeding, the trial court may enter any money judgment in favor of the collector which was proven by the evidence of the tax transactions, audit information and calculations for the tax. Again, such judgment is not dependent in any manner upon the assessment process which may have never been attempted by the collector.
On the other hand, the collector is also given the option to utilize the assessment/distraint procedure exclusively without any court involvement which otherwise occurs through the “alternative” summary proceeding or ordinary action. Repeatedly, the ULSTC identifies a “final assessment” as “being the equivalent of a judgment,” but nevertheless distinguishes the final assessment from a judgment of the court obtained by the other “alternative” procedures. See, La. R.S. 47:337.33, 47:337.52, 47:337.68, 47:1565.1, 47:296.2, 47:296.3, 47:1574.1. Therefore, the force of the “final assessment, ” which operates ex-trajudicially through distraint, need not be | udoubly sanctioned by the force of a court judgment through either the summary procedure of Section 337.61 or an ordinary action.[6]
With this clear distinction between the alternative procedures of the ULSTC, there is one other special procedure which is also present in this case as alleged by the Collector. Section 337.33 provides separate summary proceedings for injunc *1047 tion against a delinquent taxpayer, as follows:
On motion in a court of competent jurisdiction, the collector may take a rule on a taxpayer, to show cause in not less than two or more than ten days, exclusive of holidays, why the taxpayer should not be ordered to cease from further pursuit of his business for failure to pay to the taxing authority amounts collected from others by his business as sales and use tax, along with any inter- ' est, penalty, and costs related to such tax. Such rule may be taken only for amounts due as a result of assessments or judgments which have become final and nonappealable.
La. R.S. 47:337.33(A)(1). (Emphasis supplied). Thus, this summary process for injunction is a collection proceeding for either a final assessment obtained by the Collector’s use of the assessment/distraint process “or” a final judgment obtained under Section 337.61 or by ordinary action.
The Collector in the present pleadings has therefore attempted to assert and cu-mulate two of the ULSTC’s actions. Both are obtainable through summary procedure pursuant to a rule to show cause. First, the | ^Collector seeks an injunction under Section 337.33 to enjoin the operation of defendants’ businesses. To obtain that relief, the Collector alleges the facts of the assessment process and the notices sent to defendants. In other words, the Collector now asserts that its assessment actions taken against defendants were in accordance with law, and as defendants took no responsive action, the assessment is now a final assessment. Nevertheless, with only the partial judgment now before us, the trial court did not reach this cause of action and render injunctive relief.
The second cause of action of the Collector’s petition is the action for a money judgment obtainable by a rule to show cause under Section 337.61. Because of the ULSTC’s distinction between a “final assessment” and a court judgment, the utilization and cumulation of this second special summary procedure for a determinative judgment of the delinquent tax debt under Section 337.61 must be viewed as an alternative plea. The Collector has already asserted a final assessment for the injunction action. While this cumulation of alternative and inconsistent causes of action is procedurally proper under La. C.C.P. art. 892,[7] the money judgment determination under Section 337.61 is unnecessary if the finality of the assessment is shown from the notices of assessment and recognized by the court in awarding the primary relief for injunction under Section 337.33. As in any alternative pleading, if the first cause of action is established, the alternative cause of action is unnecessary.
11fiUnder this analysis of the Collector’s suit, the trial court’s grant of a partial judgment against the defendants was an adjudication under Section 337.61 of the Collector’s alternative cause of action. As such, the Collector’s burden of proof must rest on proof of the actual tax transactions and the calculation of the delinquent taxes, independent of any prior assessment actions. Our review of the present money judgments for $21,177.27 and $22,050.02 has determined that neither the allegations of the Collector’s pleadings nor its special affidavit of proof verifying those allegations support the Section 337.61 judgments rendered by the trial court. The Collector’s motion/petition did not attach the audit summary schedules and supporting documentation of the taxable transactions. Therefore, there was no clear showing of *1048 the method for calculation of the actual delinquent taxes supporting the specific money judgments entered by the trial court. Both the peremptory exception of no cause of action and the dilatory exception of vagueness raised by defendants are therefore applicable, insofar as they apply to the Collector’s tax claim pursuant to Section 387.61. Those exceptions are hereby granted. The case is remanded to the trial court with allowance given to the Collector to amend and proceed in accordance with the views herein expressed.
In reaching this conclusion, we recognize that our reasons for remand of this matter are different from those relied on by another panel of this court in Louisiana Machinery I. However, we express no disagreement with the earlier determination that the subject notices fail to comply with the mandatory language of La. R.S. 47:837.51, but for the reasons expressed | therein, find it unnecessary to address that issue for purposes of the appeal of these partial judgments.
We are also mindful of the holdings of the Third Circuit Court of Appeal in the companion cases of LaSalle, supra at note 4, which affirmed partial summary judgments in favor of the same collector, the Concordia Parish School Board, which issued the same notices involved in Louisiana Machinery I and the present matter to the same defendants. Each case was before the court in the identical procedural posture as the present one. In LaSalle, the trial court granted partial summary judgment in favor of the 'Collector after finding that the notice of assessment-extension complied with La. R.S. 47:337.51. The court also declined to consider LMR’s prescription exceptions. The judgment of the trial court was affirmed on appeal. After citing Olvey and Frost, the court of appeal never reached the question of whether the notice of assessment was defective, ruling that “the Collector did not need to use the assessment and distraint provisions in order to pursue summary judgment” under Section 337.61. Thus, the court concluded that the summary proceedings authorized by Section 337.61 were not dependent upon compliance with the notice requirements of La. R.S. 47:337.51 which were applicable only to assessmenl/distraint proceedings. Nevertheless, in rejecting LMR’s prescription complaint, the court determined that since the Collector had utilized the assessment/distraint procedure, LMR’s failure to respond to the allegedly inadequate notice of assessment “bars it from raising defenses” expressly recognized in Section 337.61 for the summary proceeding.' We find those two holdings inconsistent. Importantly, the court | T7never identified the Collector’s burden of proof for obtaining a money judgment under Section 337.61 after ruling that consideration of the prior assessment was unnecessary or irrelevant for obtaining judgment through the summary proceeding.

Conclusion

For the reasons expressed herein, the exceptions of no cause of action and vagueness are granted. The case is remanded to the trial court with allowance for the Collector to amend the pleadings and proceed to a trial in the summary proceeding in accordance with La. R.S. 47:337.61. Costs of this appeal are assessed to Plaintiffs in the amount of $244.00, pursuant to La. R.S. 13:5112.
REVERSED AND REMANDED.

. For purposes of this opinion, the provisions of La. R.S. 47:337.51 as they read in 2010 are utilized. Notably, the statute was amended in *1041 2011 to provide 30-day delays for Sections (A) and (B).

. The exception of vagueness argued that Plaintiffs' petition “did not adequately describe the transactions sought to be taxed, states no facts which would indicate that the transactions occurred in or are taxable by Tensas Parish, and does not adequately set forth the factual basis for the assessment and/or the determination of the taxable amount.” Notably, in a prehearing memo, the Collector advised the court that its evidence "may include” the testimony of the auditing firm’s examination supervisor as well as testimony and evidence supporting the amount stated in the Second Revised Assessment, including the audit summary schedules and supporting work papers.

. Through peremptory exceptions of lack of jurisdiction and peremption, the Collector argued that the court had no jurisdiction to hear defendants' exceptions, affirmative defenses or defendants’ answer because defendants failed to exhaust the administrative remedies available under La. R.S. 47:337.49, 47:337.51 and 47:337.63. Plaintiffs also contended that defendants' right to assert alleged errors of law and fact to contest the auditor's findings were extinguished by peremption. The defendants in turn moved to strike these exceptions on the grounds that they were expressly prohibited by La. C.C.P. art. 2593 from filing responsive pleadings to exceptions in summary proceedings.

. The appellees’ assertion that the defendants' appeal was untimely for the same grounds asserted in Louisiana Machinery I is likewise rejected.

. A. In addition to following any of the special remedies provided in this Chapter, the collector may, in his discretion, proceed to enforce the collection of any taxes due under the local ordinance by means of any of the following alternative remedies or procedures:
(1) Assessment and distraint, as provided in R.S. 47:337.48 through 337.60; provided that a taxpayer may utilize the mandatory arbitration procedure provided for in R.S. 47:337.51.1.
(2) Summary court proceeding, as provided in R.S. 47:337.61.
(3) Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.
B. The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector, provided that in every case the taxpayer shall be entitled to proceed under R.S. 47:337.63 except (a) when an assessment for the tax in question has become final or (b) when a suit involving the same tax obligation is pending against him; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.

. This position runs contrary to recent rulings of the First and Third Circuits in Livingston Parish School Bd. ex rel. its Sales and Use Tax Div. v. Louisiana Machinery Co., LLC, 11-1235 (La.App.lst Cir.6/8/12), — So.3d — ("Livingston "), LaSalle Parish School Bd. v. Louisiana Machinery Rentals, LLC., 12-259 (La.App.3d Cir.6/6/12), 92 So.3d 1232, LaSalle Parish School Bd. v. Louisiana Machinery Co., LLC, 12-276 (La.App.3d Cir.6/6/12), 92 So.3d 1238 (collectively "LaSalle "), and West Baton Rouge Parish Revenue Dept. v. Louisiana Machinery Rentals, LLC, 11-0711 (La.App.lst Cir.3/9/12), 91 So.3d 1032 (“West Baton Rouge "), against the same taxpayers in similar procedural circumstances. For example in West Baton Rouge, the court concluded that the assessment was "a final and enforceable judgment” which the Collector sought to be "recognized as final by the court” in the summary proceedings. Based upon this line of reasoning, the court found that die use of the affidavit to establish that the Collector "had followed all the steps of the assessment and distraint procedure without any response from LMC” satisfied its burden of proving that the assessment had become final entitling the Collector to the additional force of a judgment of the court.

. La. C.C.P. art. 892 provides, in pertinent part: "Except as otherwise provided in Article 3657, a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive.”