PARRO, J.
| aLouisiana Machinery Company, LLC. (LMC) appeals a judgment granting a motion for partial summary judgment in favor of the West Baton Rouge Parish Revenue Department (the Department) and making executory the unpaid local sales and/or use taxes, penalties, and interest assessed against LMC.[1] For the following reasons, we affirm the judgment and remand.
RULE TO SHOW CAUSE
The district court’s March 3, 2011 judgment granted a motion for partial summary judgment, but did not contain a designation of the judgment as final, pursuant to LSA-C.C.P. art. 1915(B); therefore, this court issued a rule to show cause why the appeal should not be dismissed. This court also granted the parties leave to supplement the record with the appropriate designation. The record was supplemented with the district court’s May 18, 2011 judgment, designating its March 3, 2011 judgment as final and stating that there was no just reason for delay. However, the district court did not express the reasons underlying its determination. Therefore, the propriety of the designation must still be evaluated by this court. See R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La.3/2/05), 894 So.2d 1113, 1114-15.[2]
*1034 The partial summary judgment rendered by the district court made executory the Department’s tax assessment, penalties, and interest against LMC, reserving its claims for audit fees and attorney fees, which could be awarded only after the total amounts of the tax assessment, penalties, and interest were determined by the court. Having reviewed the record in light of the factors set out in Messinger, we find that under the | scircumstances of this case, the March 3, 2011 judgment was properly designated as final. Therefore, we dismiss the rule to show cause and maintain the appeal.
FACTUAL AND PROCEDURAL BACKGROUND
On October 25, 2010, the Department filed a summary proceeding against LMC under the provisions of LSA-R.S. 47:337.83 and 47:337.61. The Department alleged that LMC was a registered dealer for West Baton Rouge Parish sales and use tax purposes, and operated as Louisiana’s sole statewide Caterpillar franchise dealer, selling at retail, leasing, and repairing various new and used Caterpillar equipment and parts in West Baton Rouge Parish. The Department is the single sales and use tax collector for all local taxing authorities located in West Baton Rouge Parish. It contracted with a private auditing firm, Broussard Partners & Associates (BPA), to conduct a sales and use tax compliance audit of LMC for the period beginning December 1, 2003, and continuing through June 30, 2007. The audit was held open several times by “prescription waiver” agreements between LMC and the Department, in order to suspend the running of prescription as to any taxes that may be found to be due. The Department claimed in its petition that BPA’s audit revealed that LMC had incorrectly charged and collected sales and use taxes from its customers in West Baton Rouge Parish on its taxable sales, leases, and repairs. Relying on LSA-R.S. 47:337.17(E) and (C), the Department claimed LMC was liable to it for the taxes it had neglected, failed, or refused to collect and remit, along with penalties and interest.
The original audit conducted by BPA showed a sales and use tax deficiency of $373,748.24. On November 23, 2009, the Department issued to LMC a “Notice of Proposed Assessment” for this deficiency, along with a penalty of $93,437.10 and interest of $209,246.45, for a total due of $676,431.79. Upon receipt of this proposed assessment, LMC submitted additional documentation to BPA, demonstrating its compliance with West Baton Rouge Parish sales and use tax ordinances. After BPA reviewed those documents, the Department issued a “Revised Notice of Proposed Assessment,” dated May 28, 2010, showing a sales and use tax deficiency of $127,397.62, a penalty of $31,849.44, and interest of $91,865.79. LMC made no response to the revised notice, and on June 28, 2010, the Department issued a “Notice |4of Assessment and Right of Appeal” for the amounts shown in the revised notice, plus additional accrued interest in the amount of $1,592.47, for a total of $252,705.32. The notice advised LMC that it had sixty calendar days from the date of the notice to pay the amount assessed, request a hearing with the director of the Department, or pay the amount assessed *1035 under protest and file suit for recovery within thirty days of payment, pursuant to LSA-R.S. 47:387.68. The notice further advised that failure to act within the time and manner described would result in the assessment becoming final and enforceable by legal action. Because LMC took none of these steps, the Department filed its petition, alleging that the assessment had become final and was the legal equivalent of a money judgment against LMC, pursuant to LSA-R.S. 47:337.68. With additional accrued interest, the total tax, penalty, and interest assessment through October 31, 2010, was $255,890.26, which, with interest continuing to accrue until paid, the Department sought to make executory by a declaratory judgment of the district court.
The Department further sought an injunction against LMC, pursuant to LSA-R.S. 47:337.33(A)(3), enjoining it from the further pursuit of business in West Baton Rouge Parish until payment in full of all amounts due. It also sought recognition of its lien, mortgage, and privilege on all property owned by LMC, pursuant to LSA-R.S. 47:337.65, to secure payment of the amounts due. Because the Department had employed counsel to assist in the collection of the taxes, penalties, and interest assessed against LMC, it sought attorney fees in the amount of ten percent of the aggregate amount due, or such lesser or greater amount found reasonable and fixed by the court, plus interest on that amount from date of judgment until paid. It also sought payment of the audit fees incurred with BPA in the amount of $21,180.79, pursuant to LSA-R.S. 47:337.75 and 47:337.26. The Department attached to its petition the affidavit of Melanie Moore, its director, averring that the facts alleged in the petition were true and correct to the best of her knowledge and belief, thereby establishing a prima facie case in favor of the Department and shifting the burden of proof to LMC to establish anything to the contrary, in accordance with LSA-R.S. 47:337.61(4).
On November 19, 2010, LMC filed an answer, exceptions, and affirmative | .¡defenses to the Department’s petition. In its answer, LMC contested the audit and assessment and denied any sales or use taxes, penalties, or interest were due. It raised the declinatory exception of insufficiency of citation and service of process; dilatory exceptions of unauthorized use of summary proceeding and vagueness or ambiguity of the petition; and the peremptory exception of prescription. Its affirmative defenses included various ways in which the assessments were erroneous; extinguishment of the obligation through payment or, in the alternative, offset; denial of due process and equal protection of the laws in violation of the Louisiana and United States Constitutions; non-taxability of the transactions included in the assessment; lack of finality of the assessment; and, to the extent any additional tax might be owed, a request for waiver of all penalties and interest. On December 13, 2010, LMC filed a supplemental and amending answer and affirmative defense, asserting that, to the extent the Department might contend that the tax statutes divested the district court of subject matter jurisdiction, precluded LMC from raising any defenses or presenting evidence relevant to the correctness of the audit and assessment, or gave the Department unfettered discretion to determine the validity and correctness of the audit with no right of judicial review, then those statutes, as interpreted by the Department, were unconstitutional.
The Department opposed LMC’s exceptions and affirmative defenses and filed an exception raising the objections of peremption and lack of jurisdiction over the subject matter, pursuant to LSA-R.S. *1036 47:337.51(0). It then moved to strike LMC’s supplemental and amending answer and affirmative defenses on the grounds that they were urged separately and weeks after LMC’s first responsive pleading, in violation of LSA-R.S. 47:337.61(2), and that these defenses to the taxing authority had been rejected by both the Louisiana and United States Supreme Courts. It also filed a motion for partial summary judgment, alleging there were no genuine issues of material fact and that the Department was entitled to judgment in its favor and against LMC as a matter of law for the amounts due for the sales and use tax deficiency, interest, and penalties, as set out in the “Notice of Assessment and Right of Appeal” and its petition. After a hearing, the court granted the Department’s motion to strike, sustained its | ^peremptory exceptions raising the objections of peremption and lack of subject matter jurisdiction, and granted its partial motion for summary judgment. This appeal followed.
APPLICABLE LAW
General Provisions
The Uniform Local Sales Tax Code (ULSTC), LSA-R.S, 47:337.1, et seq., was enacted by 2003 La. Acts, No. 73, § 1, effective July 1, 2003, in order to promote uniformity in the assessment, collection, administration, and enforcement of the sales and use taxes imposed by taxing authorities and, by compiling them, make them readily available in one place in the revised statutes. See LSA-R.S. 47:337.2(A)(l)(b). A single tax collector may be designated to collect any and all sales and use taxes levied by taxing authorities located within a single parish. See LSA-R.S. 47:337.13(A). The designated tax collector may examine or investigate the records of any taxpayer or may contract with a private auditing firm to do so. See LSA-R.S. 47:337.36 and 337.26(B). An action to enforce the collection of a sales or use tax, including any applicable interest, penalties, or other charges levied by a taxing authority, may be brought by the collector of each taxing authority in the parish in which the taxing authority is situated. See LSA-R.S. 47:337.25 and 337.27.
Enforcement Procedures
There are several enforcement mechanisms available to the tax collector. Louisiana Revised Statute 47:337.33(A)(1) authorizes the tax collector to take a rule on a taxpayer, requiring the taxpayer to show cause why he should not be ordered to cease the further pursuit of his business for failure to pay to the taxing authority the amounts of sales and use taxes collected from others by his business. However, such rule may be taken only for amounts due as a result of assessments or judgments which have become final and nonap-pealable. LSA-R.S. 47:337.33(A)(1). The collection procedure established in Subsection (A) of Section 337.33 is in addition to any other collection procedure provided by law. See LSA-R.S. 47:337.33(A)(5).
Alternative remedies or procedures that may be used by the tax collector include: (1) assessment and distraint, as provided in LSA-R.S. 47:337.48 through |7337.60; (2) summary court proceeding, as provided in LSA-R.S. 47:337.61; and (3) ordinary suit under the provisions of the general laws regulating actions for the en-fdrcement of obligations. See LSA-R.S. 47:337.45(A). The tax collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the tax collector. However, the taxpayer shall be entitled to proceed under LSA-R.S. 47:337.63 in every case *1037 unless (a) an assessment for the tax in question has become final or (b) a suit involving the same tax obligation is pending against him. See LSA-R.S. 47:3S7.45(B). The fact that the tax collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation. See LSA-R.S. 47:337.45(B).
When a taxpayer has not correctly computed and paid his tax liability, the tax collector may initiate an assessment and distraint procedure against the taxpayer by mailing a notice to the taxpayer at the address shown on his last tax report, setting out the tax collector’s determination and informing the taxpayer of the collector’s intent to assess the amount determined against him after thirty calendar days from the date of the notice. See LSA-R.S. 47:337.48(B). Within thirty calendar days from the date of such notice, as provided in LSA-R.S. 47:337.48(B), the taxpayer may protest the assessment in writing to the tax collector, after which a hearing must be held before the tax collector may make a final determination of the tax, penalty, and interest due. See LSA-R.S. 47:337.49. After the expiration of thirty calendar days from the date of the tax collector’s notice, the collector shall proceed to assess the tax, penalty, and interest that he determines to be due under the provisions of the local ordinance and the ULSTC. This assessment must be evidenced by a writing setting forth the name of the taxpayer, the amount determined to be due, the kind of tax, and the taxable period for which it is due, which writing shall be retained as part of the tax collector’s official records. The assessment may confirm or modify the tax collector’s originally proposed assessment. See LSA-R.S. 47:337.50(B). Having made the assessment, the tax collector must send a notice by certified mail to the taxpayer, informing the taxpayer of 18the assessment and that he has sixty calendar days from the date of the notice to: (a) pay the amount of the assessment; (b) request a hearing with the tax collector; or (c) pay under protest in accordance with LSA-R.S. 47:337.63, See LSA-R.S. 47:337.51(A).[3] Any dealer who is aggrieved by the assessment may, within thirty days of receipt of notice of the assessment, file a written and sworn protest with the tax collector and request a hearing. If a hearing is requested, the tax collector must grant it and may thereafter make any order confirming, modifying, or vacating the assessment. The filing of a protest will not abate any penalty for nonpayment, nor will it stay the right of the taxing authority to collect the tax in any manner provided in the ULSTC. See LSA-R.S. 47:337.51(B). Appeals from the decision of the tax collector may be directed to any city, state, or federal court of competent jurisdiction. Section 337.51 affords a legal remedy and right of action in any such court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of the local ordinance and the ULSTC as to the legality of any tax or the method of its enforcement. See LSA-R.S. 47:337.51(B). No assessment made by the tax collector shall be final if it is determined that the *1038 assessment was based on an error of fact or of law. An “error of fact” means facts material to the assessment assumed by the collector at the time of the assessment to be true, but which subsequently are determined by the collector to be false. “Error of law” means that in making the assessment, the collector applied the law contrary to the construction followed by the collector in making other assessments. See LSA-R.S. 47:337.51(0(1). Determinations of any errors of fact or law under Subsection C of Section 337.51 shall be solely that of the tax collector, and no action against the collector with respect to the determination shall be brought in any court, and no court shall have jurisdiction of any such action. See LSA-R.S. 47:337.51(0(2). The taxpayer has the right, by a signed notice in writing filed with the tax collector, to waive the restrictions and delays prescribed in LSA-R.S. 47:337.48 through 337.51 that must ordinarily be observed Rbefore an assessment may become final. When such a waiver is executed, the assessment is final when made and is immediately collectible by dis-traint and sale. See LSA-R.S. 47:337.52. When a taxpayer fails to pay any tax, penalty, and interest assessed, the collector may proceed to enforce the collection thereof by distraint and sale, as defined and described in LSA-R.S. 47:337.57 through 337.60. See LSA-R.S. 47:337.56.
In addition to any other procedure provided by the ULSTC or elsewhere in the laws of this state, the taxing authority or the tax collector is authorized to bring a summary proceeding in court for the hearing and determination of all claims for taxes, penalties, interest, attorney fees, or other costs and charges. See LSA-R.S. 47:337.61(1). All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented by the taxpayer at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses. See LSA-R.S. 47:337.61(2). Whenever the pleadings filed on behalf of the taxing authority or the collector are accompanied by an affidavit of the collector or his representative, stating that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party. See LSA-R.S. 47:337.61(4). Payment of tax under protest and filing suit for the recovery of such tax is available to any taxpayer protesting the payment of any amount found due by the tax collector or the enforcement of any provision of law in relation thereto. See LSA-R.S. 47:337.63(A)(l)(a).[4] Under Subsection A of Section 337.63, the ability to pay under protest and file suit for recovery of the tax is also available to the purchaser who has been required to pay sales or use taxes to a selling dealer. See LSA-R.S. 47:337.63(A)(l)(b), (2), and (3). Like LSA-R.S. 47:337.51(B), Section 337.63 affords a |! nlegal remedy and right of action in any state court having jurisdiction of the parties and subject matter for a full and complete adjudication of all questions arising concerning the enforcement of the sales and use tax of a taxing authority. See *1039 LSA-R.S. 47:337.63(B). In lieu of paying the tax under protest, the taxpayer may utilize an alternative remedy of posting a commercial bond or other security in connection with the suit filed against the tax collector contesting the final assessment. See LSA-R.S. 47:337.64.
With certain specific exceptions, any tax, penalty, interest, attorney fees, or other costs due to the taxing authority shall operate as a lien, privilege, and mortgage on all the property of the tax debtor, which security interest is enforceable in any court of competent jurisdiction in an action at law or as otherwise provided by the ULSTC. See LSA-R.S. 47:337.65.
ANALYSIS
The first issue presented by LMC for review by this court is whether a motion for summary judgment was appropriate under the summary proceeding authorized by LSA-R.S. 47:337.61. See LSA-C.C.P. art. 2592(12). LMC contends that, because the statute does not specifically provide for such a motion and contemplates a full evidentiary hearing on all claims, the motion should not have been allowed by the court. LMC further argues that, even if the motion for partial summary judgment was procedurally appropriate, the evidence submitted in support of the motion was not sufficient to carry the Department’s burden of proof, because it did not meet the evidentiary standards of LSA-C.C.P. art. 967. We find no merit in these contentions. The summary proceeding described in LSA-R.S. 47:337.61 places no limitations on the type of pleadings that can be filed by the taxing authority or collector to present its claims for taxes, penalties, interest, attorney fees, or other costs. See LSA-C.C.P. art. 2596. Moreover, LSA-R.S. 47:337.61(4) sets out that an affidavit of the taxing authority or collector’s representative stating that the facts alleged in the pleadings “are true to the best of the affiant’s knowledge or belief’ will satisfy the evidentiary requirements and establish a prima facie case in favor of the taxing authority. Thus, the ULSTC provides an evidentiary standard for summary proceedings under its provisions that differs | n significantly from the provisions of the Code of Civil Procedure governing motions for summary judgment filed in other civil proceedings. The ULSTC does not require that the affiant have personal knowledge of the facts set out in the pleadings, only that the facts as alleged are true to the best of the affiant’s knowledge or belief. The affidavit submitted by the Department in support of its motion for partial summary judgment satisfied the requirements of LSA-R.S. 47:337.61(4). Therefore, the court did not err in accepting the affidavit as prima facie proof of the Department’s allegations.
LMC also contends the court erred in striking its supplemental and amended pleadings. The statute governing the summary proceeding clearly states:
All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses....
See LSA-R.S. 47:337.61(2). Therefore, LMC’s supplemental and amending petition, which was not presented at the same time as the original petition, was improper, and the court did not err in striking it.
However, LMC claims the court erred in finding that the assessment was *1040 “final” and not allowing it to present its defenses, as authorized by LSA-R.S. 47:337.61(2), or to disprove the Department’s allegations, as authorized by LSA-R.S. 47:337.61(4). The initial steps taken by the Department corresponded to the procedures required for the assessment and distraint mechanism outlined by LSA-R.S. 47:337.48 through 337.60. See LSA-R.S. 47:337.45. The Department complied with all the assessment and distraint provisions governing notice to LMC of the original proposed assessment, the revised notice of proposed assessment, and the final notice of assessment and right of appeal. These notices advised LMC of the tax deficiencies found by the audit, the amounts the Department proposed to assess, and the responses available to the taxpayer to challenge the accuracy of the audit and assessment under the ULSTC.
Unfortunately, LMC chose not to use any of the defensive mechanisms available to it throughout the assessment and dis-traint procedure. LMC did not protest the Department’s initial findings and request a hearing. See LSA-R.S. 47:337.49. Had it |12done so within thirty days after receiving the original proposed assessment notice, the Department would have been required to hold a hearing, at which LMC could have contested the factual underpinnings of the audit and presented any legal arguments and evidence it might have concerning the enforcement of the assessment. LMC responded informally by submitting additional information to the Department to correct some of the audit’s factual conclusions. Having reviewed the additional information, the Department did reduce its proposed assessment and again notified LMC of the reduced amounts it proposed to assess, triggering an additional thirty-day period within which LMC could have protested and demanded a hearing. See LSA-R.S. 47:337.50(B). This time period elapsed without any further action from LMC, resulting in the Department’s issuance of its final notice of assessment and right to appeal. See LSA-R.S. 47:337.51. This notice informed LMC of the assessment and that it had sixty calendar days from the date of the notice to: (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with LSA-R.S. 47:337.63. Again, LMC, as a dealer, could have protested and requested a hearing after receipt of this notice. See LSA-R.S. 47:337.51(B). It could also have paid the assessment under protest and filed suit for the recovery of such taxes. See LSA-R.S. 47:337.63(A)(l)(a). LMC took none of these steps to challenge the assessment within the delays set out in the statutes. These time periods are peremp-tive; once they have elapsed, the rights of the taxpayer set out in the statutory scheme are extinguished. See LSA-C.C. art. 3458; Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291,1298.
At this point, the assessment and dis-traint mechanism being used by the Department had proceeded through the steps outlined in LSA-R.S. 47:337.48(B), 337.49, 337.50(B), and 337.51(B). The Department had also reviewed its own findings and corrected errors of fact that underlay its original notice of proposed assessment, as contemplated by LSA-R.S. 47:337.51(C). After the final sixty-day period went by with no protest or payment from LMC, the Department could have enforced the collection of the assessed taxes by simply seizing LMC’s property and selling it under the provisions of LSA-R.S. 47:337.56, 337.57, 337.58, and 337.60. In an ordinary civil proceeding, the only equivalent authority to seize and sell property to satisfy an obligation is a final |isand enforceable judgment. See LSA-C.C.P. arts. 2252 and 2291 et seq. Thus, after sixty days had elapsed without action from LMC, the De *1041 partment’s assessment was final and was the equivalent of a final and enforceable judgment. See LSA-R.S. 47:337.33(A)(1) and 337.68.
Moreover, the ULSTC does not limit the tax collector to using only one of the available enforcement procedures or to continuing to use the procedure it initially begins in order to enforce its assessment. Rather, the tax collector can initiate an assessment and distraint procedure and then utilize a summary proceeding to have its assessment recognized as final by the court. See LSA-R.S. 47:337.45(B); see also Bridges v. Smith, 01-2166 (La.App. 1st Cir.9/27/02), 832 So.2d 307, 312-13 (“[T]he statutory procedure for tax collection clearly does not require that the Department proceed with assessment and distraint procedure after a notice of intent to propose an assessment is mailed. The Department is specifically authorized ... to proceed, at its discretion, to enforce the collection of taxes by filing an ordinary suit against the taxpayer.”) The ULSTC clearly states that the summary proceeding can be used in addition to any other procedure employed by the tax collector. See LSA-R.S. 47:337.61 and 337.45(B). That is what the Department did in this case. It initiated the assessment and dis-traint procedure and followed that "with the summary proceeding. Therefore, when the Department established through the affidavit of its director that it had followed all the steps of the assessment and dis-traint procedure without any response from LMC, it satisfied its burden of proving that its assessment had become “final” and that it was entitled to judgment in its favor as a matter of law.
This effect of finality has long been recognized by the Louisiana Supreme Court. In Collector of Revenue v. Pioneer Bk & Tr. Co., 250 La. 446, 196 So.2d 270 (La. 1967), an assessment of state taxes became final by reason of the tax debtor’s failure to appeal to the court after an adverse decision from the Board of fax Appeals. The tax debtor’s failure to use the administrative defense mechanisms available to him under the statutory scheme resulted in the tax claim becoming “transformed into an assessment or a judgment enforceable by seizure, garnishment or distraint.” Pioneer, 196 So.2d at 273-74. This court relied on the Pioneer case in Flowers, Inc. v. Rausch, 114354 So.2d 641, 643 (La.App. 1st Cir.1977), stating that the holding of Pioneer leaves no doubt that a tax assessment is equivalent to a judgment. Similarly, once the Department’s assessment in this case became final, LMC had lost its opportunities to present evidence to counter the Department’s findings. We conclude that the district court did not err in granting the motion for partial summary judgment without considering the evidence that LMC wanted to submit in opposition to it.
In reaching this conclusion, we align this court with a recent decision from the Third Circuit Court of Appeal involving the same audit and assessment procedure against LMC and LMR for local taxes in another parish. In Jefferson Davis Parish School Bd. ex rel. Sales/Use Tax Dept. v. Louisiana Machinery Rentals, LLC, 11-0510 (La.App. 3rd Cir.10/5/11), 74 So.3d 1272, writ denied, 11-2437 (La.1/13/12), 77 So.3d 972, the tax collector used the assessment and distraint procedure, sending several notices to LMC and LMR, with LMC and LMR taking none of the responsive steps within the delays outlined in the ULSTC. The tax collector then filed a summary proceeding against LMC and LMR, and its motion for summary judgment in that proceeding was granted. The appellate court stated:
A dealer ... has three avenues it could take once it receives an assess *1042 ment: file an appeal to the assessment, pay the assessment under protest, or simply pay the assessment. Each avenue requires the dealer to take action once it receives an assessment. If no action is taken by the dealer, the assessment becomes final.
[[Image here]]
In the case before us, neither LMR nor LMC took any action on the administrative level once either received its notice of assessment. Thus, as the trial court correctly found, the assessment was final, and both were precluded from raising defenses, whether by exception or on the merits, in a summary rule to collect sales tax.
Jefferson Davis, 74 So.3d at 1275-76.
LMC contends that the district court erred in relying on the finality of the assessment in sustaining the exceptions raising the objection of peremption and lack of subject matter jurisdiction. However, as noted above, the delay periods set out in the ULSTC are peremptory. Once those delays expired without action by LMC, its right to present its defenses was extinguished. Therefore, the court’s judgment on the peremption exception was correct. Similarly, the ULSTC provides for a hearing at the |1firequest of the taxpayer, after which the tax collector’s decision can be appealed by the taxpayer to the district court. LMC did not request a hearing, and therefore, the provisions for an appeal of the decision are not applicable to this case. Moreover, LMC did not pay the assessment under protest and then file suit to recover the amounts paid. Other than these actions, the ULSTC states that the decisions of the tax collector concerning any errors of fact or law are final, and “no action against the collector with respect to the determination shall be brought in any court, and no court shall have jurisdiction of any such action.” See LSA-R.S. 47:337.51(0(2). Moreover, having found that the assessment was final and had the effect of an enforceable judgment, the district court lacked authority to reconsider it. Therefore, we conclude the district court did not err in determining that it lacked subject matter jurisdiction over LMC’s claims and defenses. Given the finality of the assessment, the court’s sole authority was to recognize the Department’s claims and make the tax assessment executory.
CONCLUSION
For these reasons, the March 3, 2011 judgment of the district court, as supplemented by the May 18, 2011 judgment, is affirmed. All costs of this appeal are assessed to Louisiana Machinery Company, L.L.C. The case is remanded to the district court for determination of the appropriate amounts of audit fees and attorney fees, if any.
RULE TO SHOW CAUSE DISMISSED; APPEAL MAINTAINED; AFFIRMED AND REMANDED.

. The Department’s suit against LMC was consolidated in the district court with a similar suit against Louisiana Machinery Rentals, L.L.C. (LMR). The suit against LMR was dismissed; therefore, this appeal involves only the claims against LMC.

. The Messinger case noted the following factors to be considered:
1) The relationship between the adjudicated and unadjudicated claims;
2) The possibility that the need for review might or might not be mooted by future developments in the trial court;
*1034 3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and
4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
Messinger, 894 So.2d at 1122.

. This statute was amended by 201Ó La. Acts, No. 1003, § 2, effective January 1, 2011, to reduce the response time for the taxpayer to thirty days within which to either pay the assessment, request mandatory arbitration, or pay under protest and file suit, Because the taxes at issue in this proceeding were assessed and the enforcement action was commenced before the effective date of these revisions, we apply the statutory provisions as they existed before amendment.

. This statute was also amended by Act 1003 in 2010 to include a mandatory arbitration option.