KUHN, J.
| oTaxpayer, Louisiana Machinery Company, LLC (LMC) appeals the trial court’s judgment granting a partial motion for summary judgment in favor of tax collector, Livingston Parish School Board through its Sales and Use Tax Division (LPSB), and making executory unpaid sales and use taxes, penalties, and interest assessed against LMC for tax years 2004, 2005, and 2007.[1] LPSB answered the appeal, challenging the trial court’s action of sustaining LMC’s peremptory exception raising the objection of prescription for unpaid sales and use taxes, penalties, and interest against LMC for the tax year 2006.[2] We affirm the granting of the partial summary judgment, reverse the sustaining of the exception of prescription for the tax year 2006, and remand.
BACKGROUND
On October 25, 2010, LPSB filed a summary proceeding against LMC under provisions of the Uniform Local Sales and Tax Code (ULSTC).[3] LPSB averred that LMC was a registered dealer for Livingston Parish sales and use tax purposes and operated as Louisiana’s sole statewide Caterpillar franchise dealer, selling at retail, leasing, and repairing various new and used Caterpillar equipment and parts in ^Livingston Parish. LPSB, the single sales and use tax collector for all taxing authorities within Livingston Parish, contracted with a private auditing firm, Broussard Partners and Associates (BPA), to conduct an audit of LMC’s sales and use tax compliance for the period between December 1, 2008 and June 30, 2007. The audit was held open several times by three contracts entered into between LMC and LPSB that suspended the tolling of prescription of any taxes that were due by LMC during specified time periods. In its petition, LPSB averred the audit revealed that LMC had incorrectly failed to charge and collect sales and use taxes from its customers in Livingston Parish. LPSB alleged that under provisions of the ULSTC,[4] LMC was liable to it for the taxes it had neglected, failed, or refused to collect and remit, as well as penalties and attorney’s fees.
The original audit conducted by BPA showed a sales and use tax deficiency of $198,769.79. On November 23, 2009, LPSB director, Michael Curtis, sent to LMC a notice entitled “30-DAY NOTICE *410 OF INTENT TO ASSESS/Additional Tax Due — LA R.S. 47:337.48 B” for the deficiency, along with a penalty of $49,692.64 and interest of $108,686.44, for a total due of $357,148.87. In response to the intent to assess notice, LMC submitted additional documents, records, and papers to BPA pertaining to its sales and use compliance during the audited period. After considering the submitted documents, on February 18, 2010, LPSB issued another 30-day intent-to-assess notice to LMC showing a tax due of $196,641.45, along with a penalty of $49,160.56 and interest of $117,643.32, for a total due of $363,445.33. LMC responded to this second notice of the intent to assess by again submitting additional documents, records, and paperwork to BPA, which had not 1 ¿previously been provided and that pertained to LMC’s sales and use compliance during the audited period.
After consideration of the additional documentation, on May 17, 2010, LPSB sent LMC a notice entitled, “REVISED 60-DAY NOTICE OF ASSESSMENT/Additional Tax Due — LA R.S. 47:337.51/ Via Certified Mail,” showing a tax due of $67,326.63, along with a penalty of $19,130.67 and interest of $51,470.29, for a total due of $137,927.59. When LMC failed to respond in any of the manners stated in the May 17, 2010 notice, LPSB filed its petition, alleging that the assessment had become final and was the legal equivalent of a judgment against LMC under the ULSTC.[5] With additional accrued interest, the total tax, penalty, and interest assessment through October 31, 2010 was $140,452.37, which, with interest continuing to accrue until paid, LPSB sought to make executory.
In its petition, LPSB also sought an injunction,[6] enjoining LMC from further pursuit of business in Livingston Parish until full payment of the sales and use taxes; as well as recognition of its lien and privilege on all property owned by LMC[7] to secure payments of the amount due; and attorney’s fees[8] for its employment of counsel to assist it in the collection of the taxes, penalties, and interest due. Attached to LPSB’s petition was the affidavit of LPSB director Curtis, who attested that to the best of his knowledge and belief all the allegations of fact contained in the petition were true and correct. Thus, LPSB averred that it had established a |Bprima facie case under the ULSTC, and that the burden of proof shifted to LMC to establish anything to the contrary.
On December 2, 2010, LMC filed an answer, exceptions, and affirmative defenses to LPSB’s petition. In its answer, LMC contested the audit and assessment, denying that any sales or use taxes, penalties, or interest were due. LMC raised the declinatory exception of insufficiency of citation and service of process, dilatory exceptions of unauthorized use of summary proceeding and vagueness or ambiguity of the petition, and the peremptory exception of prescription. Its affirmative defenses included various ways in which the assessments were erroneous, extin-guishment of the obligation through payment or, in the alternative, offset, denial of due process and equal protection of the laws in violation of the Louisiana and United States Constitutions, non-taxability of the transactions included in the assessment, lack of finality of the assessment, and, to the extent any additional tax might be owed, a request for waiver of all *411 penalties and interest. On December 13, 2010, LMC filed a supplemental and amending answer and affirmative defense, asserting that, to the extent the LPSB might contend that provisions of the ULSTC divested the trial court of subject matter jurisdiction; precluded LMC from raising any defenses or presenting evidence relevant to the correctness of the audit and assessment; or gave the LPSB unfettered discretion to determine the validity and correctness of the audit with no right of judicial review, as interpreted by the LPSB, those provisions were unconstitutional.
LPSB opposed LMC’s exceptions and affirmative defenses and filed an | (¡exception raising the objections of lack of jurisdiction over the subject matter[9] and peremption. LPSB also filed a motion for partial summary judgment, alleging there were no genuine issues of material fact and that it was entitled to judgment in its favor and against LMC as a matter of law for the amounts due for the sales and use tax deficiency, interest, and penalties, as set out in the May 17, 2010, “REVISED 60-DAY NOTICE OF ASSESSMENT” and its petition. It also moved to strike LMC’s supplemental and amending answer and affirmative defenses on the grounds that they were urged separately and weeks after LMC’s first responsive pleading, and that these defenses to the taxing authority had been rejected by both the Louisiana and United States Supreme Courts.
After a hearing, the trial court granted LPSB’s motion to strike and its partial motion for summary judgment for the tax years 2004, 2005, and 2007, but sustained LMC’s peremptory exception of prescription for the 2006 tax year. A judgment in conformity with the trial court’s ruling was signed, and this appeal by LMC, and LPSB’s answer to the appeal, followed.
DISCUSSION
For the first time at oral argument, LMC challenged the sufficiency of the REVISED 60-DAY NOTICE OF ASSESSMENT issued by LPSB on May 17, 2010. Despite its captioned name, the May 17, 2010 notice advised LMC that it has “15 calendar days” to either: (1) pay the amount assessed; (2) file a written protest and request a hearing; or (3) pay the assessment under protest and file a suit for recovery within 30 days of payment. The notice additionally advised LMC, “Do not disregard this notice. Failure to act within the time or manner provided will |7result in the assessment becoming final and enforceable by warrant for dis-traint. Additional penalties, interest and collection fees may be assessed at that time.” Although LMC concedes that it did not attempt to adhere to any of the actions set forth in the notice in either 15 days or 60 days, admitting that it took no action whatsoever in response to the notice, it nevertheless maintains that LPSB’s failure to conform to the statutory provisions of the ULSTC regarding this assessment precludes summary judgment on the issue of the finality of the REVISED 60-DAY NOTICE OF ASSESSMENT.
On May 17, 2010, La. R.S. 47:337.51, entitled “Notice of assessment and right to appeal,” stated in relevant part:
A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, *412 or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. If no report has been timely filed, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector or; (c) pay under protest in accordance with R.S. 47:337.63.
“[L]aws regulating the collection of taxes are sui generis and comprise a system to which general provisions of the law have little, if any, relevance.” Mallard Bay Drilling, Inc. v. Kennedy, 2004-1089 (La.6/29/05), 914 So.2d 533, 549. As noted by this court in West Baton Rouge Parish Revenue Dep’t v. Louisiana Machinery Rentals, L.L.C., 2011-0711 (La.App. 1st Cir.3/9/2012), 91 So.3d 1032, La. R.S. 47:337.45 provides several alternative remedies for the tax collector to recover delinquent taxes: (1) assessment and distraint, as provided in R.S. 47:337.48 through 337.60; (2) summary court proceeding, as provided in R.S. 47:337.61; and (3) an ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations. See La. R.S. 47:337.45(A). The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceeding initiated by the collector. The fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation. See La. R.S. 47:337.45(B).
LMC has erroneously linked the notice provisions of La. R.S. 47:337.51(A) with the alternative summary proceeding tax enforcement remedy of La. R.S. 47:337.61. La. R.S. 47:337.51(A) is applicable only to the assessment and distraint tax enforcement remedy. LMC has cited, and we have found, no authority for its conclusion that a taxpayer must be given notice pursuant to La. R.S. 47:337.51(A) before the tax collector seeks or obtains relief by summary proceeding under La. R.S. 47:337.61. See Normand v. Randazzo, 11-308 (La.App. 5th Cir.12/28/11), 85 So.3d 707, writ denied, 2012-0285 (La.4/9/12), 85 So.3d 697.
Rather, La. R.S. 47:337.45(B) expressly grants the tax collector the right and discretion to enforce and collect sales and use taxes by summary proceeding, notwithstanding the requirements applicable to the assessment and distraint remedy, J^even when the collector has initiated assessment and distraint procedures. The availability of relief under La. R.S. 47:337.61 as dependent upon compliance with the notice requirements of La. R.S. 47:337.51(A) is inconsistent with the statutory classification of the summary proceeding as an “alternative” remedy in “addition to any other procedure” for the enforcement and collection of sales and use taxes. Normand, 85 So.3d at 710. And if a prior assessment is unnecessary to a tax collector employing summary proceedings, then compliance with the notice provisions applicable to a formal assessment cannot be a condition precedent. Id., (citing Collector of Revenue v. Olvey, 238 La. 980, 117 So.2d 563 (1959) and Collector of Revenue *413 v. Frost, 240 La. 1067, 127 So.2d 151 (1961)); but cf. Caldwell Parish School Bd. v. Louisiana Machinery Co., L.L.C., 47,-349 (La.App. 2d Cir.5/16/12), 94 So.3d 144 (failure to strictly comply with notice provisions of La. R.S. 47:337.51 rendered notices null, precluding summary judgment on the issue of the finality of the assessment).
Moreover, consideration of LMC’s defense of insufficient notice, raised for the first time on appeal in LPSB’s summary proceeding, was not raised in LMC’s answer or exception. As such, LMC’s untimely assertion violated La. R.S. 47:337.61(2), which states:
All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed.
Accordingly, the issue is not properly before us in this appeal. See Normand, 85 So.3d at 711.
| Additionally, for the reasons set forth in West Baton Rouge Parish Revenue Dep’t, 91 So.3d 1032, we find no error in the trial court’s implicit and express conclusions that (1) a motion for summary judgment is appropriate under the summary proceeding authorized by La. R.S. 47:337.61; (2) LPSB was entitled to have LMC’s supplemental and amending petition stricken; and (3) it lacked subject matter jurisdiction and LMC’s defenses, exceptions, and defenses were perempted insofar as the tax years 2004, 2005, and 2007. Accordingly, the trial court correctly granted partial summary judgment in favor of LPSB, making executory all sales and use taxes due by LMC as set forth in the for the May 17, 2010, REVISED 60-DAY NOTICE OF ASSESSMENT for the tax years 2004, 2005, and 2007.
LPSB has answered this appeal, urging that the trial court incorrectly sustained LMC’s peremptory exception, objecting on the basis of prescription, insofar as LPSB’s demand for the sale and use taxes for the tax year 2006. We agree.
As we have already noted, LPSB attached to its motion for partial summary judgment two separate notices of assessment under La. R.S. 47:337.48 B sent to LMC, and LMC does not dispute that it received those or that it failed to either pay the assessment or initiate a hearing as set forth in the notices. LPSB also established, and LMC did not dispute, receipt of the May 17, 2010, REVISED 60-DAY NOTICE OF ASSESSMENT, which set forth a total assessment of $137,927.50 for sales and use taxes due for the period between December 1, 2003 and June 30, 2007, a significantly lesser amount than it originally intended to assess, which was a result of adjustments made by LPSB in response to the documentation LMC had informally supplied after the earlier 30-day notices. Finally, LPSB ^established, and it is undisputed, that LMC did nothing to avail itself of any of the remedies set forth in either of the 30-day notices or the May 17, 2010 revised assessment notice. With director Curtis’s affidavit attesting that the facts alleged in LPSB’s pleadings were true to the best of his knowledge or belief, LPSB established a prima facie case, satisfying its burden that its assessment had become “final.” See La. R.S. 47:337.61 (with the affidavit of the collector’s representative attesting that the facts as alleged are true to the best of his knowledge or belief, all of the facts alleged in pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to *414 establish anything to the contrary rested wholly on defendant).
Without any timely asserted action from LMC, LPSB’s assessment was final and the equivalent of a final and enforceable judgment. See West Baton Rouge Parish Revenue Dep’t., 91 So.3d at 711. The time periods set forth in La. R.S. 47:337.50 and 47:337.51 are preemptive; once elapsed, the rights of the taxpayer set out in the statutory scheme are extinguished. West Baton Rouge Parish Revenue Dep’t., 91 So.3d at 1040 (relying on La. C.C. art. 3458; Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291,1298). Thus, once the 60-day period elapsed without any action by LMC, its right to present its defenses (including the peremptory exception of prescription) was extinguished. See West Baton Rouge Parish Revenue Dep’t., 91 So.3d at 1040-41; see also La. R.S. 47:337.68 (any tax, penalty, interest, or other charges duly assessed under the ULSTC, being the equivalent of a judgment, shall not be subject to the running of any prescription other than such prescription as would run against a judgment in favor of the state of Louisiana in accordance with the constitution and laws of this state). Accordingly, the trial court 112erred by sustaining LMC’s exception of prescription insofar as the tax year 2006.
DECREE
For these reasons, that portion of the trial court’s judgment, which grants summary judgment in favor of LPSB and makes executory the sum of $67,326.63 representing tax, $19,130.67 representing penalty, and $51,470.29 representing interest, plus additional interest of $5,466.92 that had accrued until judgment for a total of $143,394.51, plus interest accruing on the tax amount from February 15, 2011 until paid, is affirmed. We reverse that portion of the judgment, which states:
less the sum of $35,844.07, representing tax, interest and penalty on taxes for calendar year 2006 where are prescribed ... for a net amount of tax, interest and penalty due to date of $107,550.44.
And that portion of the judgment, which sustains LMC’s peremptory exception of prescription as to all taxes that came due during the calendar year 2006 is reversed. Appeal costs are assessed against defendant-appellant, Louisiana Machinery Company, LLC. The case is remanded to the trial court for determination of the appropriate amounts of audit fees and attorney fees, if any.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. LPSB’s suit against LMC was consolidated in the trial court with a similar suit against Louisiana Machinery Rentals, LLC, which was dismissed; therefore, this appeal involves only the claims against LMC.

. Because the trial court’s judgment granted a motion for partial summary judgment but did not contain a certification of the finality of the judgment, see La. C.C.P. art. 1915 B, this court issued a show cause order and granted the parties leave to supplement the record. The record was timely supplemented with the trial court’s designation of finality but without an expression of reasons why there was no just cause for the delay. Having reviewed the record in light of the factors set forth in R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La.3/2/05), 894 So.2d 1113, 1122, we find that under the circumstances of this case, the trial court’s February 17, 2011 judgment was properly designated as final. See West Baton Rouge Parish Revenue Dep’t v. Louisiana Machinery Rentals, L.L.C., 2011-0711 (La.App. 1st Cir.3/9/2012), 91 So.3d 1041-42.

. See generally La. R.S. 47:337.1 et seq. and specifically La. R.S. 47:337.33 and 47:337.61.

. See La. R.S. 47:337.17(E).

. See La. R.S. 47:337.68.

. See La. R.S. 47:337.33.

. See La. R.S. 47:337.65.

. See La. R.S. 47:337.13.1 and 47:337.61.

. See La. R.S. 47:337.51(C).