JOHNSON, Chief Justice.
|,Louisiana Machinery Company, L.L.C. and Louisiana Machinery Rentals, L.L.C. (collectively “the Companies”), Louisiana’s exclusive Caterpillar franchise dealers, sold, leased, and/or repaired Caterpillar equipment and machinery in parishes throughout Louisiana. Following a multi-parish audit, the taxing authorities from numerous parishes began tax collection proceedings against the Companies, alleging they incorrectly failed to charge and collect sales and use taxes from their customers on their taxable sales, leases, and/or repairs for certain tax periods, and that the Companies were liable for these taxes, penalties, and interest under the provisions of |2the Uniform Local Sales Tax Code (“ULSTC”).[1]
In these cases, the tax collector for Washington Parish obtained partial summary judgments in the district court, declaring that the tax assessments it issued to the Companies are final and the execu-tory judgments of the court and could not be challenged by the Companies. The Companies appealed to the First Circuit, which affirmed the grants of partial summary judgment.[2]
From this adverse ruling, the Companies applied for supervisory review to this *1274 court.[3] We granted the Companies’ writ application and consolidated these cases for argument with nearly identical cases emanating from the Third Circuit, wherein that court reversed the district court’s grants of partial summary judgment.[4] We granted certiorari to resolve this split in the circuits.[5] For the reasons set forth below, we reverse the ruling of the court of appeal in these cases.
FACTS AND PROCEDURAL HISTORY
The Washington Parish Sheriffs Office (“Collector”) is the designated tax collector for Washington Parish. A tax audit of the Companies revealed deficiencies for the period December 1, 2003, through June 30, 2007. On November 23, 2009, the Collector began the tax collection process by sending each of the Companies a 30-DAY NOTICE OF INTENT TO ASSESS Additional Tax Due-La. R.S. W8S748B for the tax deficiency, plus penalties and interest.[6] Companies did not protest this |3notice, as provided for by La. R.S. 47:337.49.[7] On December 23, 2009, the Collector issued each of the Companies a formal NOTICEfS] OF ASSESSMENT 60-Day Assessmentr-La. R.S. 17:337.51,[8] The *1275 Companies did not formally respond to the assessments, but instead provided additional tax records to the auditors. The Collector reviewed the additional audit documentation and subsequently reduced the | assessment for one of the Companies and increased the assessment for the other. The Collector then issued to each of the Companies a REVISED-NOTICE OF ASSESSMENT 60-Day Notice-La. R.S. 4-7:387.51 (“revised notices of assessments”) dated May 5, 2010. The revised notices provided, in relevant part (emphasis in original):
NOTICE: As provided in La. R.S. 47:337.51 B, if you wish to protest, you have thirty (30) calendar days from the date hereof to file with this office a written protest, signed by you or you duly authorized agent, which shall be under oath, fully disclosing the reasons thereof, and request a hearing.
If you do not timely file a written protest and request a hearing, you have sixty (60) calendar days from the date hereof to:
1) Pay the amount set forth herein, or
2) Pay the total amount set forth herein above under protest as provided in La. R.S. 47:337.63 and file suit for recovery within thirty (30) days of payment, or
3) Within thirty (30) days of receipt of this Notice of Assessment, file suit in any state court of competent jurisdiction contesting the final assessment, and in connection therewith, post a commercial bond or other security as provided in La. R.S. 47:337.64 in accordance with the procedures set forth therein.
DO NOT DISREGARD THIS NOTICE. FAILURE TO ACT WITHIN THE TIME OR MANNER PROVIDED WILL RESULT IN THE ASSESSMENT BECOMING FINAL AND ENFORCEABLE BY WARRANT FOR DISTRAINT. ADDITIONAL PENALTIES, INTEREST AND COLLECTION FEES MAY BE ASSESSED AT THAT TIME.
[[Image here]]
IMPORTANT: The collector may, in his discretion, proceed to enforce the collection of any taxes due by means of any of the following remedies or procedures: (1) Assessment and distraint, as provided by R.S. 47:337.48 through 337.60(2) Summary court proceeding, as provided in R.S. 47:337.61(3) Ordinary suit under provisions of the general laws regulating actions for the enforcement of obligations, (4) Rule to cease business as provided in R.S. 47:337.33. The Collector by issuing this Notice does not waive the right to assert such other remedies.
IsThe Companies did not respond to the revised notices of assessments. On Octo *1276 ber 25, 2010, the Collector filed in the district court a Petition for Rule to Show Cause in Summary Sales and Use Tax Proceeding against each Company as summary proceedings under the provisions of La. R.S. 47:337.33[9] and La. R.S. 47:337.61.[10] The Collector alleged in detail the assessment procedures it followed, specifically asserting that the revised assessments were issued in accordance with all statutory requirements and erroneously alleging it gave notice to the Companies they had sixty calendar days to either (1) pay the amount assessed; (2) file a written protest under oath setting forth the reasons for the protest, and request a hearing; or (3) pay the amount assessed under protest and file suit for recovery. The petitions further alleged that because the Companies did not timely respond, the assessments are now final and constituted an established liability equivalent to judgments against the Companies. In addition to claiming the taxes due plus interest, the Collector sought injunctions pursuant to La. R.S. 47:337.33, enjoining the Companies from conducting business in the parish until payment was made in full, and further sought recognition of liens and privileges on the Companies’ property pursuant to La. R.S. 47:337.65.[11] The |fiCollector attached to its petitions the affidavit of Meehelle Galloway, Chief Financial Officer for the Collector, who stated that the facts as alleged in the petitions were true and correct to the best of her knowledge and belief. Therefore, the Collector alleged it had established a prima facie case in accordance with La. R.S. 13:5034,[12] 47:337.61 and comparable provi *1277 sions of local ordinances, and that the burden shifted to the Companies to establish anything to the contrary.
On December 6, 2010, the Companies filed answers, exceptions, and affirmative defenses. On December 13, 2010, the Companies filed supplemental and amending answers and affirmative defenses, asserting to the extent the Collector might contend that provisions of the ULSTC preclude them from raising or presenting evidence relevant to defenses as to the validity and/or correctness of the audit and/or assessment with no right of judicial review, then those statutes, as interpreted by the Collector, are unconstitutional. The Collector moved to strike the Companies’ supplemental and amending answers and affirmative defenses on the grounds that they were urged separately and weeks after their first responsive pleadings, and that these defenses had been rejected by both the Louisiana and United States Supreme Courts.
Additionally, the Collector filed partial motions for summary judgment, seeking a declaration that the revised notices of assessments are final and executory | judgments of the court. The Companies opposed the motions, arguing the motions for partial summary judgment relied on the erroneous premise that the assessments are final and cannot be challenged. The Companies asserted there were issues of material fact related to the correctness of the amount of tax assessed and whether the audit was conducted in accordance with law. The Companies further challenged the adequacy of Ms. Galloway’s affidavit which was made “to the best of [her] knowledge and belief,” pursuant to La. R.S. 47:337.61(4),[13] rather than following the more stringent requirements for affidavits in summary judgment procedures pursuant to La. C.C.P. art. 966, et seq.[14]
Following a hearing, the district court granted the Collector’s partial motions for summary judgment. The district court rendered judgments in favor of the Collector, declaring that the revised notices of assessments were the final and executory judgments of the court, reasoning that the ULSTC provides finality to an assessment after sixty days from the issuance of the assessment without a response by the taxpayer. The district court also granted the Collector’s motions to strike, finding that La. R.S. 47:337.61(2)[15] clearly requires that all defenses be presented at one time, *1278 and no court shall consider any defense unless so presented. The Companies appealed.
|sThe First Circuit affirmed. Relying on its previous opinion in Livingston Parish School Board v. Louisiana Machinery Company, L.L.C.,[16] the court of appeal stated that because a prior assessment is not a prerequisite to bringing a summary proceeding, compliance with the notice provisions applicable to a formal assessment in La. R.S. 47:337.51 is not a condition precedent. However, because the Collector’s summary proceedings were entirely premised and dependent upon the alleged finality of the revised assessments, compliance with the notice provisions was necessary. In finding the notices were sufficient, the court found they provided the Companies with notice of the amount of sales and/or use taxes, interest, and penalties owed for the specified period, and set forth the remedies available to the Companies as taxpayers under La. R.S. 47:337.51(A) and more specifically as dealers under La. R.S. 47:337.51(B). The court also found the revised notices went beyond the statutory requirements by setting forth an alternative remedy for dealers who pay under protest under La. R.S. 47:337.64.[17] The court of appeal concluded that because the notices |9complied with statutory notice provisions and the Companies chose not to avail themselves of any of the statutory remedies available, once the sixty-day period expired with no protest or payment from the Companies, the revised assessments were final and were the equivalent of final and enforceable judgments. Thus, the Companies were precluded from thereafter raising defenses, whether by exception or on the merits, in a summary rule to collect the sales tax. Finally, the court held that when the Collector established through the affidavit of Ms. Galloway that it had followed all of the steps of the assessment procedure without any response from the Companies, it satisfied its burden of proving that the assessments had become final, and that it was entitled to judgments in its favor as a matter of law.
We granted the Companies’ writ application following this adverse ruling from the First Circuit.
*1279 DISCUSSION
For the reasons assigned this day in Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC, 12-2504 (La.10/15/13), 124 So.3d 1065, 2013 WL 5788749, we find the revised notices of assessments did not comply with the mandatory statutory notice provisions of La. R.S. 47:337.51(A) and, therefore, the assessments were not final. We also find for the reasons expressed in Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC that the record does not support the Collector’s motions for partial summary judgment absent reliance on the assessments. As a result, we find the court of appeal erred in affirming the district court’s grants of partial summary judgment.
For these same reasons, the district court erred in prohibiting the Companies | infrom pursuing their defenses on the basis of the alleged finality of the assessments. Because we remand this matter to the district court for further proceedings, we address the issue of whether the Companies’ defenses were asserted timely. Although the specific issue of whether the notices complied with the requirements of La. R.S. 47:337.51 was not raised until this matter was before the court of appeal, we have already determined in Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC that the issue of validity of the notices is not a defense in this case, but rather an element of the Collector’s claims, which were based on the alleged finality of the assessments. In addition to challenging the validity of the notices, the Companies asserted numerous defenses. La. R.S. 47:337.61(2) requires all defenses to be “presented at one time” and filed “prior to the time fixed for the hearing,” otherwise the court is prohibited from considering the defense. In this case, the Collector filed its petition on October 25, 2010, and the hearing was set for January 14, 2011. The Companies filed defenses on December 6, 2010. Because these defenses were asserted prior to the time fixed for the hearing, they were timely asserted. The Companies also filed supplemental defenses on December 13, 2010. While these defenses were presented prior to the hearing, they were not “presented at one time” with the previously-filed defenses. Thus, based on the clear wording of the statute, any defenses asserted solely in the December 13, 2010, filings were not asserted timely and cannot be considered by the district court on remand.[18]
DECREE
REVERSED AND REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GUIDRY, Justice, dissents and assigns reasons.

. La. R.S. 47:337.1 et seq.

. Washington Parish Sheriff's Office v. Louisiana Machinery Co., LLC, 12-0024, 12-0025 (La.App. 1 Cir. 2/15/13) (unpublished).

. Washington Parish Sheriff's Office v. Louisiana Machinery Co., LLC, 13-0583 (La.5/17/13), 118 So.3d 382.

. Catahoula Parish School Bd. v. Louisiana Machinery Rentals, LLC, 12-2504 (La.5/17/13), 118 So.3d 381.

. The Third Circuit case is resolved in separate opinion issued contemporaneously herewith.

. La. R.S. 47:337.48(B) provides, in pertinent part: “If a return or report made and filed does not correctly compute the liability of the taxpayer, the collector shall cause an audit, investigation, or examination, as provided for by R.S. 47:337.35, to be made to determine the tax, penalty, and interest due. Having determined the amount of tax, penalty, and interest due, the collector shall send by mail a notice to the taxpayer ... setting out his determination and informing the person of his purpose to assess the amount so determined against him after thirty calendar days from the date of the notice.”

. La. R.S. 47:337.49 provides, in pertinent part: "The taxpayer ... within thirty calendar days from the date of the notice provided in R.S. 47:337.48(B), may protest thereto. This protest must be in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the collector’s determination. The collector shall consider the protest, and shall grant a hearing thereon, before making a final determination of tax, penalty, and interest due.”

.This statute was amended by Acts 2010, No. 1003, § 2, effective January 1, 2011. Because the notices of assessments were issued prior to the effective date of the amendment, the pre-2011 version of the statute is relevant. In 2009, La. R.S. 47:337.51 provided, in pertinent part:
A. Having assessed the amount determined to be due, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at the address given in the last report filed by said taxpayer, or to any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. If no report has been timely filed, the collector shall send a notice by certified mail to the taxpayer against whom the assessment is imposed at any address obtainable from any private entity which will provide such address free of charge or from any federal, state, or local government entity, including but not limited to the United States Postal Service or from the United States Postal Service certified software. This notice shall inform the taxpayer of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment; (b) request a hearing with the collector; or (c) pay under protest in accordance with R.S. 47:337.63.
B. If any dealer shall be aggrieved by any findings or assessment of the collector, he *1275 may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing. Thereafter, the collector shall grant a hearing to said dealer, if a hearing has been requested, and may make any order confirming, modifying or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for nonpayment, nor shall it stay the right of the taxing authority to collect the tax in any manner herein provided. . Appeals from the decision of the collector shall be directed to any state, city or federal court of competent jurisdiction. This Section shall afford a legal remedy and right of action in any state, city or federal court having jurisdiction of the parties and subject matter for a full and complete adjudication of any and all questions arising in the enforcement of the local ordinance and this Chapter as to the legality of any tax accrued or accruing or the method of enforcement thereof.

. La. R.S. 47:337.33(A)(1) provides: "On motion in a court of competent jurisdiction, the collector may take a rule on a taxpayer, to show cause in not less than two or more than ten days, exclusive of holidays, why the taxpayer should not be ordered to cease from further pursuit of his business for failure to pay to the taxing authority amounts collected from others by his business as sales and use tax, along with any interest, penalty, and costs related to such tax. Such rule may be taken only for amounts due as a result of assessments or judgments which have become final and nonappealable.”

. La. R.S. 47:337.61 provides, in pertinent part: "In addition to any other procedure provided in this Chapter or elsewhere in the laws of this state, and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the taxing authority, or by or on behalf of the collector, for taxes and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows....”

. La. R.S. 47:337.65 provides: "Except as is specifically provided in the laws regulating building and loan associations, any tax, penalty, interest, attorney fees, or other costs due shall operate as a lien, privilege and mortgage on all of the property of the tax debtor, both movable and immovable, which said lien, privilege and mortgage shall be enforceable in any court of competent jurisdiction in an action, at law, or may be enforced as otherwise provided by this Chapter. The collector may cause notice of such lien, privilege and mortgage to be recorded at any time after the tax becomes due, whether assessed or not, and regardless of whether or not then payable, in the mortgage records of any parish wherein the collector has reason to believe the tax debtor owns property. The lien, privilege and mortgage created by this Section shall affect third parties only from the date of recordation and shall take their respective ranks by virtue of recordation.”

.La. R.S. 13:5034 provides: “Whenever the pleadings filed on behalf of the state, or on behalf of any of its officers charged with the duty of collecting any tax, excise, license, interest, penalty or attorney's fees, shall be accompanied by an affidavit of the officer or of one of his deputies or assistants, or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in the pleadings shall be accepted as prima facie trae and as constituting a prima facie case, and the burden of proof to estab *1277 lish anything to the contrary shall rest wholly on the defendant or opposing party.”

. La. R.S. 47:337.61(4) provides: “Whenever the pleadings filed on behalf of the taxing authority, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.”

. La. C.C.P. art. 967 provides in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.”

.La. R.S. 47:337.61(2) provides: “All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses, and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.”

. 11-1235 (La.App. 1 Cir. 6/8/12), 98 So.3d 407.

. La. R.S. 47:337.64 provides, in pertinent part:
A. Any taxpayer who has received a notice of assessment for sales and use taxes from any collector or taxing authority and whose remedy is to make a payment under protest may in lieu thereof comply with the alternative provisions of this Section, rather than making a payment under protest.
B. If the taxpayer files suit in any state court of competent jurisdiction contesting the assessment within the time provided by law and satisfies the alternative remedies provided for in Subsection C of this Section, no collection action shall be taken in connection with the assessment of taxes, interest, and penalties, which are the subject of the taxpayer’s suit; however, the collector shall be permitted to file a recon-ventional demand against the taxpayer in such suit.
C.(l)(a) The taxpayer may file with the court a rule to set bond or other security, which shall be set for hearing within thirty days of the filing of the rule to set bond or other security and shall attach to the petition evidence of the taxpayer's ability to post bond or other security.
[[Image here]]
(4) If the taxpayer timely files the suit referred to herein, no collection action shall be taken in connection with the assessment of taxes, interest, and penalties, which are the subject of the taxpayer’s suit, unless the taxpayer fails to post bond or other security or make the payment under protest required by the court; however, the collector shall be permitted to file a reconventional demand against the taxpayer in such suit.
[[Image here]]

. Because the issues raised in the Companies' other assignments of error are not necessary to our resolution of this matter, we pretermit their discussion.